THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT W. SPARKS, Defendant-Appellant.

(No. 12417;

Fourth District—March 20, 1975.

Thomas Franklin Walsh, of Lincoln, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (John W. Foltz, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant and another, John C. Mahan, were charged with aggravated battery as that offense is defined in section 12—4 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(3)) which provides that a person who, in committing a battery, either knows the individual harmed to be a teacher or other person employed in any school and is upon the grounds of a school, commits aggravated battery. The trial court instructed the jury upon the theory of aggravated battery and upon the theory of a lesser included offense of battery. Mahan was found not guilty. The defendant Sparks was found guilty of battery and not guilty of aggravated battery. He was sentenced to serve 6 months' imprisonment. He appeals, contending only that the trial court committed reversible error by the giving of the instruction on battery.

We affirm.

The facts and circumstances giving rise to this charge indicate that the two defendants were in a car, on a parking lot adjacent to a high school in Logan County. The nature of their driving resulted in the principal of the school, one William Armstrong, calling police authorities and complaining of Sparks' reckless driving. This ultimately resulted in an argument and an altercation and the evidence is uncontroverted that Sparks hit Armstrong in the face with his fist. As to the defendant Sparks, the evidence is uncontroverted, and indeed he testified that the incident took place upon school property and that Armstrong was known to him to be employed as principal of the high school. As to Mahan, his testimony was that he did not know that Armstrong was the school principal.

At the conference on jury instructions, counsel for the defendants objected to the giving of any instruction upon the charge of battery. Such objections were overruled and the jury was instructed upon both offenses as to both defendants.

At the conference on jury instructions, however, the State's attorney

indicated the evidentiary difference with reference to knowledge of the status of the victim as it related to Mahan and the defendant Sparks. As abstracted, the observations of the State's attorney were:

"Now, in the situation and posture of this case at the present time, we are in a position now, if we have to go solely to the jury on aggravated battery the jury could conclude, under the facts of this case and particular with respect to Mahan, that he did not know that Mr. Armstrong was the Principal of the school, teacher or other person employed by the school—by a school. Consequently Mahan could be found not guilty although he could be found perfectly guilty—perfectly as easily is what I mean to say, guilty of the offense of battery because in that offense it would not be essential for him to know that Mr. Armstrong was a teacher, if he aided and abetted Sparks in the commission of the battery of Mr. Armstrong.

If we cannot submit lesser included offense instructions and Mahan is acquitted by aggravated battery, we can never try him again on simple battery. Now, I would have preferred and would be happy to do it if counsel so wishes, to single out Mahan for treatment on this lesser included offense and stand on aggravated battery with respect to Sparks, which I intend to do in my final argument, but I think in treating both Defendants equally and for avoiding confusion in verdict forms and so on it would be better to proceed so both Defendants are equal at this particular point.

Now, under the forms of verdict the jury could find—under the forms we have submitted they could find each Defendant guilty of aggravated battery or they could find them not guilty of aggravated battery and guilty of battery. They could not find them not guilty of battery but guilty of aggravated battery because all of the elements of battery would be included in aggravated battery. They could find both Defendants guilty of aggravated battery and guilty of battery."

Following this observation, the court inquired of counsel for the defendant if he had anything to say with reference to this, and counsel merely observed that if the defendants were acquitted of the charge of aggravated battery, that such would dispose of the battery charge.

The jury, as we have indicated, was instructed upon aggravated battery and upon battery as a lesser included offense. No issue is made as to the form of instructions. During closing argument, counsel for the defendants made the following statement to the jury:

"The ordinary battery is one that I might direct towards you. I might hit one of you in the nose or one of you might hit me in the nose and that's a simple battery. But don't hit the principal of the grade school down here in the nose because that's aggravated battery. He's of a class apart. And don't have a hood, robe or mask on when you do it either. That isn't legal.

\* \* \*

Now, this is or was—if anything it was a simple battery, ladies and gentlemen. Had I been poked in the nose as Mr. Armstrong says he was it would be a simple battery and had you been, any of you gentlemen been poked in the nose it would have been a simple battery because we don't happen to be enjoying the kind of employment that gives this stupid protection.

\* \* \*

\* \* \* They want to prove simple battery and yet they want you to find them guilty of aggravated battery and they don't even prove simple battery \* \* \*."

The defendant did not file a motion for a new trial. It is the general rule in this jurisdiction that the failure of the defendant to raise an issue in the motion for a new trial constitutes a waiver of that issue and precludes further pursuit of such issue as a grounds for reversal on appeal. (*People v. Pickett*, 54 Ill.2d 280, 296 N.E.2d 856.) In *Pickett*, the supreme court noted that the waiver rule applies to constitutional questions as well as other issues and specifically makes note of the fact that plain errors affecting substantial rights may be noted although they were not brought to the attention of the trial court. The latter, as the court noted, being a means of ameliorating the harshness of the strict application of the general waiver rule.

In *People v. Wheeler*, 57 Ill.App.2d 452, 206 N.E.2d 727, the court specifically held that objections to an instruction not raised in the post-trial motion would be deemed to be waived.

It is apparent from our examination of this record that counsel for the defendants was made aware of the evidentiary posture of the case. It is equally clear, however, that counsel for the defendants did not avail himself of the opportunity to have the instruction on battery given only as to the defendant Mahan and not as to the defendant Sparks and further that counsel argued the issue in a light favorable to Sparks in his closing argument to the jury. In the posture of the case we cannot say that the giving of the instruction was plain error affecting a substantial right so as to warrant this court under the doctrine of plain error reversing or remanding for a new trial. We cannot say that application

282

of the general waiver rule reaches a harsh result or interferes with the defendant's fundamental right to a fair trial.

· For the reasons stated, the judgment of the circuit court of Logan County is affirmed.

Judgment affirmed.

SIMKINS, P. J., and SMITH, J., concur.