THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES EDDINGTON, Defendant-Appellant.

Fourth District   No. 14728

Opinion filed October 12, 1978.—Rehearing denied November 8, 1978.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, James Eddington, was indicted on August 8, 1975, for solicitation and conspiracy to commit murder, three counts of delivering a controlled substance, and one count of delivering a substance represented to be controlled. The drug charges were subsequently severed. The trial court granted defendant's motion in limine barring the use of tape recorded conversations between the

defendant and Gregory Fife, an Illinois Bureau of Investigation informer. That order was reversed on appeal to this court in *People v. Eddington* (1977), 47 Ill. App. 3d 388, 362 N.E.2d 103.

On remand, defendant filed a motion to dismiss on August 9, 1977, contending that he had been deprived of a speedy trial within 120 days of his arrest. The trial court denied this motion, finding that a continuance from October 27 to November 24, 1975, was properly charged to the defendant since the continuance was requested by his attorney. At a hearing on defendant's motion for reconsideration of this ruling, the defendant presented evidence that he was not present nor did he join in a motion for continuance made by his counsel on October 27, 1975. Defendant's motion to reconsider was denied on August 12, 1977.

On September 16, 1977, the State filed a motion in limine to restrict defense counsel from cross-examining the informant, Fife, about his criminal convictions other than one for deceptive practices. Fife had also been convicted of two misdemeanors: contributing to the delinquency of a minor and unlawful use of a weapon. Defense counsel wanted to cross-examine Fife regarding pending charges for possession of cannabis. The court ruled that defense counsel could only cross-examine Fife concerning his conviction for deceptive practices. The motion in limine was granted by the trial court in all other respects.

Following jury trial, defendant was found guilty of the solicitation of Fife to commit the murder of Louise Banks. On October 20, 1977, a written order was entered sentencing the defendant to 20 to 40 years' imprisonment.

On appeal, defendant contends (1) that he was deprived of a speedy trial within 120 days of his arrest as required by section 103—5 of the Code of Criminal Procedure of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5), (2) that the trial court abused its discretion in refusing to permit cross-examination of Fife concerning charges pending against him, (3) that he is entitled to a new sentencing hearing because the trial court erroneously understood that the minimum sentence it could impose was 4 years' imprisonment, (4) that the trial court abused its discretion in denying his motion for additional challenges to the venire for cause, and (5) that he is entitled to elect to be sentenced under the new sentencing act (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1008—2—4(b)).

■■ For offenses committed prior to March 1, 1977, delay occasioned by the defendant will cause the statutory 120-day period to begin anew from the date to which the case had been delayed. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5; *People v. Donalson* (1976), 64 Ill. 2d 536, 540, 356 N.E.2d 776.) The record discloses that defendant's court-appointed counsel was granted a continuance on October 27, 1975, to November 24, 1975. The only record of the October 27, 1975, continuance is a docket entry which

states: "Due to defendant's Attorney being engaged in another trial from October 24 through November 20, cause continued to November 24, 1975." Defendant asserts that since he did not assent to this continuance, he was improperly charged with the delay. Accordingly, defendant argues that the statutory period did not begin anew on November 25, 1975, and defendant was thus not brought to trial within 120 days from the date he was taken into custody.

The general rule in Illinois is that a client is bound by the acts or omissions of his lawyer-agent. (*People v. Brown* (1968), 39 Ill. 2d 307, 310, 235 N.E.2d 562.) While not inflexible, this rule is necessary, as the court noted in *Brown*, for a representative system of litigation to function. In *People v. Carrillo* (1975), 27 Ill. App. 3d 603, 607, 327 N.E.2d 1, the court noted that the record does not have to affirmatively show every time an attorney requests or agrees to a continuance that he has consulted with the defendant and advised him, since such a holding would place an intolerable burden on the trial courts. In *People v. Woods* (1963), 27 Ill. 2d 393, 189 N.E.2d 293, the supreme court held that the defendant was bound by his counsel's consent and agreement to the continuance of his case, even though this request was made in the defendant's absence. The court stated:

> "In our judgment the ordinary, uncontested motion for a continuance, or to advance and then continue a case, does not involve rights of the accused of such a substantial nature as to invalidate any action thereon occurring in his absence. Even assuming a contrary conclusion, the right to be present at a hearing upon a motion for a continuance, or advancement and continuance, may be waived by defendant, or by his counsel on his behalf." 27 Ill. 2d 393, 396, 189 N.E.2d 293.

Where a continuance or delay in trial is occasioned because defense counsel is engaged elsewhere, the delay is properly charged to the defendant. (*People v. Hairston* (1970), 46 Ill. 2d 348, 354, 263 N.E.2d 840, *cert. denied*, (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.) Furthermore, it has been repeatedly held that the delay may be properly charged against the defendant over his objection where his counsel required more time to prepare for trial. (*People v. Williams* (1976), 37 Ill. App. 3d 151, 155-56, 345 N.E.2d 705; *People v. Ford* (1975), 34 Ill. App. 3d 79, 82-83, 339 N.E.2d 293; *People v. Carr* (1972), 9 Ill. App. 3d 382, 383-84, 292 N.E.2d 492; *People v. Steele* (1970), 127 Ill. App. 2d 366, 369-71, 262 N.E.2d 269.) In the instant case, the record discloses that defendant made no attempt to discharge counsel or made any requests to defend himself. Accordingly, we find that the delay occasioned by the defendant's motion for continuance on October 27, 1975, was properly charged to the defendant.

Defendant also contends that the court erred in finding that the period between November 25, 1975, and December 19, 1975, was delay occasioned by the interlocutory appeal to this court from the order suppressing certain tape recorded conversations. According to section 103—5 of the Code, such delay shall not be included in the 120-day period. On November 25, the State announced orally that it intended to appeal the order declared by the court that day suppressing the tapes. Defendant argues that the order was final and appealable on November 25, 1975, and that entry of the written order on December 19, 1975, was merely a ministerial act. Thus, argues the defendant, the 120-day statute should not have been tolled until December 19 when the State actually filed its written notice of appeal.

An order granting or denying a motion to suppress evidence illegally seized is required by section 114—12(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(e)) to state the findings of fact and conclusions of law on which the order or judgment is based. In *People v. Boston* (1975), 27 Ill. App. 3d 246, 248, 327 N.E.2d 40, and *People v. Deaton* (1974), 16 Ill. App. 3d 748, 749, 306 N.E.2d 695, it was held that notices of appeal filed prior to the entry of a written order by the court were untimely, improper, and must be dismissed. Thus, it is clear in the instant case that any notice of appeal filed by the State prior to the entry of the written order of suppression would be premature. We note that the recent case of *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283, is inapplicable to the present case, since it is limited to the issue of whether the pronouncement of sentence, rather than the entry of judgment order, is the judicial act comprising the judgment of the court for purposes of appeal. Therefore, the period between November 25, 1975, and December 19, 1975, was properly construed as delay occasioned by the defendant's motion in limine and was not to be included within the 120-day period. We conclude that the defendant was not deprived of a speedy trial within the meaning and requirements of section 103—5 of the Code.

Defendant next contends that the trial court improperly restricted cross-examination of Fife concerning his pending drug charges. In *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, our supreme court adopted a proposed version of Federal Rule of Evidence 609, which provides that only a conviction can be used to attack the credibility of a witness. Although *Montgomery* prohibits the use of proof of arrest, indictment, and charges of commission of crimes to impeach a witness by showing his bad character, a defendant is entitled to have the trier of fact informed as to any promises of leniency that may have been made to a witness, whether those promises related to the present offense or to other pending charges. (*People v. Norwood* (1973), 54 Ill. 2d 253, 257, 296

N.E.2d 852.) Such evidence, however, must be direct and positive to be admissible, not remote and uncertain. *People v. Curtis* (1977), 48 Ill. App. 3d 375, 385, 362 N.E.2d 1319.

■ In *People v. Martin* (1978), 59 Ill. App. 3d 785, 789-90, 376 N.E.2d 65, the appellate court held that it was not an abuse of discretion for the trial court to prohibit cross-examination of the State's witness on a pending charge where the witness testified outside the presence of the jury that he had no expectation of leniency from the State concerning this charge. The appellate court reasoned that in the absence of a showing of any expectation of leniency, cross-examination on the pending charge would not have tended to show bias. Similarly, in the instant case there was no showing of any expectation of leniency regarding Fife's pending drug charges in Menard County. Fife himself testified outside the presence of the jury that he had not been offered nor did he expect any special treatment in exchange for his testimony at defendant's trial. A prosecutor further testified that no attempt would be made to obtain leniency for Fife in Menard County. Under these circumstances, we find that the trial court did not abuse its discretion in barring the cross-examination of Fife concerning the pending drug charges.

■ In sentencing the defendant, the trial court stated that the minimum term for the inchoate crime of solicitation is 4 years. However, section 8—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—1(b)) does not provide a minimum term. The defendant argues that the cause must therefore be remanded for resentencing because of the trial court's erroneous assumption. In *People v. Athey* (1976), 43 Ill. App. 3d 261, 266, 356 N.E.2d 1332, and *People v. Moore* (1978), 69 Ill. 2d 520, 524, 372 N.E.2d 666, 668, this court and the supreme court held that defendants sentenced to minimum terms of 4 years' imprisonment for the inchoate crime of attempt were entitled to new sentencing hearings since section 8—4(c) of the Code provided no minimum sentence for the crime of attempt. Consequently, the trial judge in the instant case erred in noting that he must impose a minimum sentence of at least 4 years' imprisonment. However, since the court actually imposed a minimum sentence of 20 years, and since there is no evidence that the trial judge used a 4-year minimum term as a reference point, we regard the court's error as harmless.

■■ We need not address the last two issues raised by the defendant. Defendant's allegation of error in the denial of his motion for additional challenges to the venire for cause has not been preserved for review in his post-trial motion and is deemed waived. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Sparks* (1975), 26 Ill. App. 3d 278, 325 N.E.2d 49.) Any question concerning defendant's right to elect to be sentenced under the new sentencing act has been resolved adversely to

the defendant recently in *People v. Grant* (1978), 71 Ill. 2d 551, 377 N.E.2d 4. In passing, we note that the trial court failed to rule on defendant's motion that he be credited for time spent in custody after May 14, 1975, the date the defendant was originally taken into custody. We direct that an order be entered crediting the defendant's sentence for the time served in custody after that date, pursuant to our authority under Supreme Court Rule 615(b) (58 Ill. 2d R. 615(b)).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed, remanded with directions.

GREEN, P. J., and MILLS, J., concur.