(No. 59487.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CONSTANCE R. JONES *et al.*, Appellees.

*Opinion filed November 30, 1984.*

Neil F. Hartigan, Attorney General, of Springfield, and John A. Barra, State's Attorney, of Peoria (Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago, and John X. Breslin and Patricia Hartmann, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Kenneth E. North, of Solomon, Rosenfeld, Elliott,

Stiefel & Glovka, Ltd., of Chicago, for appellees.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Following a jury trial in the circuit court of Peoria County, defendants Constance Jones, Diane (Cerami) Lanken, Jonathon Cray and James Knobloch were convicted of conspiracy to commit gambling. Defendants Jones and Lanken were also convicted of syndicated gambling. Also convicted, but not parties to this appeal, were codefendants Donald and Lois Sanders. Several issues were presented to the appellate court for review; however, that court reversed the convictions, ruling only that the trial court erred by denying the defendants' pretrial motion for discharge for violation of their right to a speedy trial. (119 Ill. App. 3d 883.) We allowed the State's petition for leave to appeal. The sole issue before us is whether the defendants were denied their right to a speedy trial.

In deciding this issue we must determine which, if any, of the several periods of delay were occasioned by the defendants or by an interlocutory appeal and thus cannot be counted in determining whether the defendants were tried within 160 days of their demand for trial (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b)). Section 103—5(b) of the Code of Criminal Procedure of 1963, in pertinent part, provides:

> "Every person on bail or recognizance shall be tried *** within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, *** or by an interlocutory appeal." (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b).)

This section, sometimes referred to as the speedy-trial statute, implements the right to a speedy trial guaranteed by the Illinois Constitution. (Ill. Const. 1970, art. I, sec. 8.) The statute is to be liberally construed, with each

case being decided on its own facts. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 106.) While it was the State's duty to bring the defendants to trial within the statutory period, it was the defendants' burden on a motion for discharge to affirmatively establish a violation of their right to a speedy trial. *People v. Reimolds* (1982), 92 Ill. 2d 101, 106.

In the present case, the defendants were arrested on April 29, 1981, after Peoria police infiltrated an "investment meeting" which was believed to be, in reality, an alternative to a "pyramid game." The defendants were released on bond. They were indicted on May 12, 1981, and filed their motion for trial on May 21, 1981.

A total of 465 days elapsed between the filing of the defendants' speedy-trial motion on May 21, 1981, and defendants' trial on August 30, 1982. We need only examine three periods of delay to reach our conclusion that the defendants were not denied their right to a speedy trial.

On May 21, 1981, the day that the defendants demanded trial, they also filed motions to dismiss and to quash the indictment. Also, on June 4, 1981, the defendants again filed a motion to quash the indictment, a motion to suppress evidence, and other motions. On June 17, 1981, the defendants moved for a continuance, and, by agreement, hearings on the pending motions were set for July 9, 1981. On that date hearings on the May 21 and June 4 motions commenced and were continued to July 23, 1981. The hearings on the May 21 and June 4 motions concluded on July 24, at which time the judge orally stated that he would allow the motion to suppress the evidence. He also ruled on certain other motions at that time. From the discussion had by the court with counsel following the announcement of the court's ruling, it is clear that the court contemplated that a written order embodying his holding on the motion to suppress

be prepared and entered.

Supreme Court Rule 271 provides:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (87 Ill. 2d R. 271.)

The ruling by the court on the motion to suppress was not a final judgment, but was a ruling on a motion other than in the course of trial. Therefore, Rule 271 applies, and pursuant to that rule, it was incumbent upon the attorney for the prevailing party, in this case the defendants, to prepare and present to the court the order to be entered, unless the court directed otherwise. Although the oral ruling on the motion to suppress the evidence was made on July 24, 1981, no written order on this ruling was signed until November 6, 1981.

The first period of delay to be examined is the period between the filing of the May 21, 1981, motions and the June 4, 1981, motion to suppress the evidence, and the date the written order on these motions, including the order suppressing evidence, was signed, November 6, 1981. This period involved 169 days. There are several questions of law that must be decided in determining whether these 169 days, or any part thereof, constitute delay chargeable to the defendants. The November 6, 1981, signed order had written thereon, "nunc pro tunc 7-24-81."

Before deciding whether all or any part of the period between May 21, 1981, and November 6, 1981, is chargeable to the defendants, we must discuss some factual matters which have caused some confusion. Following the pronouncement of the oral ruling allowing the motion to suppress on July 24, 1981, the State, on August 13, 1981, filed a notice of appeal from that ruling which was docketed in the appellate court for the third

district as case number 81—487. Following the entry of the written order on November 6, 1981, *nunc pro tunc* July 24, 1981, the State filed another notice of appeal from the written order. This notice of appeal was filed on November 9, 1981, and was docketed in the appellate court for the third district as case number 81—661. Several motions were filed by the defendants urging that both appeals be dismissed. It is unnecessary to detail the proceedings in the appellate court with regard to these motions. It is sufficient to note that on January 20, 1982, the appellate court dismissed both appeals. The court's mandate was issued on February 10, 1982, and was filed in the circuit court of Peoria County on February 16, 1982.

The notice of appeal filed August 13, 1981, was premature and did not confer jurisdiction on the appellate court. Rule 271 (87 Ill. 2d R. 271) is applicable to rulings on motions and requires that a written order be presented to the court for signature. Also, the conversation between the court and counsel when the oral ruling was made clearly indicates that a signed order suppressing the evidence was contemplated. The judge's oral pronouncement on July 24, 1981, was not an order from which an appeal could be taken. (See *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 459-60.) Our appellate court has, on several occasions, held that a notice of appeal filed after an oral ruling, but before the filing of a written order, is premature and confers no jurisdiction on the appellate court. *People v. Eddington* (1978), 64 Ill. App. 3d 650, 654; *People v. Boston* (1975), 27 Ill. App. 3d 246, 248; *People v. Deaton* (1974), 16 Ill. App. 3d 748, 749.

It is not clear why the November 6 order was entered *nunc pro tunc* July 24, 1981. In any event, a notice of appeal was filed on November 9, 1981, within 30 days after the entry of the written order. The effective date

of this order may have related back to July 24, 1981, by virtue of the *nunc pro tunc* provision. We need not decide that question in this case. However, the order was *entered* on November 6, 1981. Rule 606(b) (87 Ill. 2d R. 606(b)) provides that the notice of appeal must be filed within 30 days after the *entry* of the final judgment appealed from. For purpose of determining the timeliness of the appeal, the order was entered on November 6, 1981, and the notice of appeal filed November 9, 1981, conferred jurisdiction on the appellate court.

A delay occasioned by motions by a defendant is ordinarily chargeable to the defendant. Thus, the delay occasioned by a motion to dismiss an indictment has been held to be chargeable to the defendant. (*People v. DeStefano* (1966), 35 Ill. 2d 261.) Also, a delay caused by a motion to suppress evidence has been held to be delay caused by the defendant. (*People v. Donalson* (1976), 64 Ill. 2d 536, 539-42.) Thus the delay between the filing of the motion to dismiss and quash the indictment on May 21, 1981, the motion to suppress filed on June 4, 1981, and the date that the oral ruling on these motions was made by the court on July 24, 1981, is chargeable to the defendant.

An order granting or denying a motion to suppress evidence is required by section 114—12(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—12(e)) to state the findings of fact and conclusions of law upon which the order or judgment is based. As noted above, Rule 271 (87 Ill. 2d R. 271) requires that the prevailing party on such a motion prepare and present the written order to the court. The delay between the oral pronouncement stating that the motion to suppress is allowed and the filing of the written order suppressing the evidence therefore is ordinarily delay chargeable to the defendant. In *People v. Eddington* (1978), 64 Ill. App. 3d 650, 654, it was held that the per-

iod between the oral pronouncement and the filing of the written order was delay occasioned by the defendant's motions.

The appellate court in this case stated that counsel for the prosecution volunteered to prepare the written order of suppression. (119 Ill. App. 3d 883, 886.) Also, defendants in this court make a similar assertion. The appellate court and the defendants in this court, however, have not focused on this issue. Both the appellate court and the defendants in this court seem to consider the July 24, 1981, oral pronouncement as terminating the pretrial delay occasioned by the defendants' motion. Also, both the appellate court and the defendants generally treat the case as pending in the appellate court after the filing of the notice of appeal on August 13, 1981. As noted above, the August 13, 1981, notice of appeal was of no effect. Also, the entry of the order on November 6, 1981, *nunc pro tunc* July 24, 1981, could not relate back to the original pronouncement of July 24 in such a manner as to make it impossible to file a notice of appeal within the time required by our Rule 606(b) (87 Ill. 2d R. 606(b)). The effective date of the order by virtue of the *nunc pro tunc* provisions may have been July 24, 1981, but the date of its entry for purposes of appeal was November 6, 1981. We must therefore consider whether the period between July 24 and November 6 is delay occasioned by the defendants' motion, as the appellate court held it to be in *People v. Eddington* (1978), 64 Ill. App. 3d 650, 654.

In *People v. Terry* (1975), 61 Ill. 2d 593, this court noted that a defendant is ordinarily chargeable with the delay occasioned by the filing of his motions and has the primary obligation of calling up his motions for hearing and disposition. (*People v. Terry* (1975), 61 Ill. 2d 593, 595-96.) In *Terry,* however, this court did not apply the rule because of the unusual circumstances present in

that case. In that case, there was complete inaction by the State, as the prosecution ignored two judges' orders that it respond to the motion filed by the defendant. Finally, 99 days after the defendant had filed his last motion, he filed a demand for trial. This court held that such action was inconsistent with his intention to have his pending motions answered and held that the prosecution should have judged the demand for trial as indicating the defendant no longer wished to pursue his earlier motions but instead wished to go to trial. The court held that the undisposed-of motions did not toll the running of the speedy-trial period. *Terry* acknowledged the general rule but did not apply it because of the unusual conduct of the prosecution. (*People v. Terry* (1975), 61 Ill. 2d 593, 595-96.) In our case we should therefore ascertain whether the delay between the July 24 pronouncement and entry of the November 6 written order was in fact caused by the prosecution.

We find that the appellate court and the defendants, in their brief in this court, are mistaken in the conclusion that the attorney for the prosecution volunteered to prepare the written order that was entered on November 6, 1981. The court, in making its oral pronouncements on July 24, 1981, ruled on several matters in addition to the motion to suppress. Some of the rulings favored the prosecution. Some, including the ruling on the motion to suppress, favored the defendants. In fact, there was also evidence which the court refused to suppress. At the conclusion of the discussion of its holdings, the court, after answering questions from the defendants' attorney, asked: "So now you—do the attorneys want to get together and prepare an order and submit it to me?" The assistant State's Attorney replied, "We'll prepare an order." The record does not disclose who in fact prepared the order. In fact, there were two orders entered on November 6, 1981, involving defendants' motions, both

with the notation thereon, "nunc pro tunc 7-24-81." We note that these orders were entered the same date that defendants' counsel noticed for hearing his motion for leave to withdraw as counsel for two of the defendants, and the date on which an order allowing his withdrawal was entered.

The assistant State's Attorney's response to the judge, "We'll prepare an order," was made to a question the court directed to both the defendants' attorney and the attorney for the prosecution, which question contemplated input in drafting the order from both defense counsel and the prosecution. The response may be properly construed as "yes, we'll get together and prepare an order." It could possibly also be construed as saying, "We don't need help from the defendants' attorney. We in the State's Attorney's office will prepare an order."

As previously noted, delay occasioned by the defendants' motions, including calling the motions for hearing and the entry of the written order thereon, is ordinarily considered to be delay occasioned by the defendant. Also as previously noted, Rule 271 (87 Ill. 2d R. 271) places the burden on the prevailing party to prepare and present the written order. Here, the order appealed from was that part of the suppression order wherein the defendant prevailed, although other portions of the same order denied the relief which the defendants' motions had requested. On a motion to dismiss for violation of a defendant's right to speedy trial, the defendant has the burden of affirmatively establishing the violation of his right. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 106.) In making his proof, the defendant must establish that the delay was not attributable to his conduct. (*People v. Jones* (1965), 33 Ill. 2d 357, 361.) We find that the defendants have not established that the delay between the oral pronouncement on July 24, 1981, and the entry of the written order on November 6, 1981, was delay

caused by the prosecution. The defendants have not overcome the general rule that delay occasioned by the entry of the written order on the defendants' motions is delay occasioned by the defendants. The record does not support the conclusion that the prosecution volunteered to prepare the order or that, if it did, the prosecution occasioned the delay. We therefore conclude that no delay between May 21, 1981, the date of the demand for speedy trial, and November 6, 1981, may be counted in computing the 160-day period within which the defendant must be brought to trial.

We next examine the delay caused by the State's interlocutory appeal from the granting of the motion to suppress. The State is given the right to appeal from an order suppressing evidence, and the time during which the appeal is pending is not counted in determining the defendants' right to discharge. Supreme Court Rule 604(a), in pertinent part, states:

> "(1) *When State May Appeal.* In criminal cases the State may appeal only from an order *** suppressing evidence.

> * * *

> (4) *Time Appeal Pending Not Counted.* The time during which an appeal by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under section 103—5 of the Code of Criminal Procedure of 1963." (87 Ill. 2d R. 604(a).)

The appellate court in the present appeal found that the interlocutory appeal taken by the State did not toll the running of the 160-day period. We disagree.

We will disregard any discussion by the appellate court or the defendants in this court concerning the August 13, 1981, notice of appeal because, as noted above, it was premature and did not confer jurisdiction on the appellate court. We consider only the notice of appeal

filed November 9, 1981. Since it was filed within 30 days after the entry of the November 6, 1981, written order, as previously noted, it did confer jurisdiction on the appellate court. We need not decide whether the appellate court properly dismissed the appeals. We need only decide whether the fact that the appeal was dismissed removed the appeal from the provision of our Rule 604(a) (87 Ill. 2d R. 604(a)), which excludes the time that an interlocutory appeal pends in the appellate court from the statutory speedy-trial period.

The appellate court did not, when the appeals were dismissed, state the reason for the dismissal. At one place in the opinion from which the present appeal was taken, after discussing the *nunc pro tunc* order which was followed by the second notice of appeal dated November 9, 1981, the court stated: "The State's appeal to this court was never perfected." (119 Ill. App. 3d 883, 886.) The court did not state the basis for this conclusion. However, we noted earlier that the *nunc pro tunc* order could not relate back to a date more than 30 days before the entry of the written order so as to defeat the right to appeal. Thus the filing of the notice of appeal on November 9, 1981, was timely and perfected the appeal.

The appellate court, in the opinion appealed from in this case, also referred to the defendants' argument that the State, in the prior appeal, did not comply with the requirements of *People v. Young* (1980), 82 Ill. 2d 234, which imposes upon the prosecutor, when appealing from a suppression order, the responsibility of filing a certificate that the suppression order substantially impairs the State's ability to prosecute the case. (119 Ill. App. 3d 883, 888.) However, the appellate court stated that it had, in the previous appeal, denied the defendants' motions to dismiss the State's August 13, 1981, appeal, which motion had alleged that the State had failed to file a *Young* certificate. (119 Ill. App. 3d 883, 889.) The

defendants in this court have urged at length the failure of the State to file a certificate as required by *People v. Young* as a basis for the holding that the State did not perfect its appeal. This court has held in *People v. Kantowski* (1983), 98 Ill. 2d 75, that the filing of a *Young* certificate is not a jurisdictional requisite. Thus the appeal may be perfected without the filing of such a certificate. *People v. Kantowski* (1983), 98 Ill. 2d 75, 79.

The appellate court in the present case also referred to the failure of the State in the prior appeals to comply with the court's orders which required the filing of a docketing statement, and which established briefing schedules as to the August 13, 1981, appeal. (119 Ill. App. 3d 883, 889.) The appellate court stated in this case, however, that "it has not been conclusively demonstrated that the State's August 13 notice of appeal was filed solely to take advantage of the automatic delay afforded by the speedy trial statute and Rule 604(a)(4)." (119 Ill. App. 3d 883, 889-90.) The appellate court held in this case that the mere filing of a notice of appeal by the State in the prior case, without more, did not constitute an "interlocutory appeal" within the meaning of the speedy-trial statute and Rule 604(a)(4). 119 Ill. App. 3d 883, 891-92.

Rule 606(a) (87 Ill. 2d R. 606(a)) provides that in criminal cases "appeals shall be perfected by filing a notice of appeal with the clerk of the trial court." Therefore, if a notice of appeal is filed within the time prescribed by the rule, the appeal is perfected. As noted by the appellate court in *People v. Harvey* (1972), 5 Ill. App. 3d 499, appeals in both civil and criminal cases are governed by supreme court rules. The filing of a notice of appeal is the only jurisdictional step in the appellate process. (*People v. Harvey* (1972), 5 Ill. App. 3d 499, 502.) The fact that an appeal may be dismissed for some procedural defect, whether it be for failure to file a dock-

eting statement or briefs, or for failure to file a *Young* certificate, does not affect the perfection of the appeal. Once the appeal has been perfected, it is pending in the appellate court until such time as an order is entered dismissing the appeal and the appellate court mandate issues and is filed in the circuit court.

Rule 604(a)(4) specifically states that "time during which an appeal by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under section 103—5 of the Code of Criminal Procedure of 1963." Section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b)) excludes from the computation of the 160-day period delay occasioned by an interlocutory appeal. We need not decide in this case whether an appeal taken by the State in bad faith tolls the running of the statutory period. As noted by the appellate court, it has not been demonstrated that the State's notice of appeal was filed solely to take advantage of the automatic delay afforded by the speedy-trial statute and Rule 604(a)(4). (119 Ill. App. 3d 883, 889-90.) Thus none of the reasons discussed by the appellate court in this case as reasons for the dismissal of the prior appeals prevented or defeated the perfection of the appeal from the November 6, 1981, order.

We conclude that the State's interlocutory appeal tolled the running of the speedy-trial period from November 9, 1981 (the date the State filed the notice of appeal from the November 6, 1981, order), until the mandate of the appellate court was filed in the circuit court of Peoria County on February 16, 1982, following its dismissal of the appeals. The filing of the mandate in the circuit court vests that court with jurisdiction, and the speedy-trial period begins to run on the date that the mandate is filed and not the date that the mandate is issued by the appellate court. *People v. Worley* (1970), 45

Ill. 2d 96, 98.

Under our holding, neither the period from May 21, 1981 (the date of the filing of the defendants' motions), to November 6, 1981 (the date of the entry of the written order on the motions)—a total of 169 days, nor the period of time between the filing of the notice of appeal on November 9, 1981, and the filing of the mandate of the appellate court in the circuit court of Peoria County on February 16, 1982—99 days, can be counted against the 160-day statutory period.

We next consider the period between the filing of the mandate in the circuit court on February 16, 1982, and August 30, 1982, the date defendants' trial began. On June 7, 1982, both the State and the defendants who are now before us answered ready for trial. On November 6, 1981, the attorney for the defendants had been permitted to withdraw as attorney for codefendants Donald and Lois Sanders. New counsel entered their appearances for the Sanders on April 8, 1982, but withdrew as counsel on June 7, 1982. On that date new counsel entered his appearance for the Sanders defendants, and moved on Sanders' behalf to continue trial until August 2, 1982.

A defendant can be charged with a continuance occasioned by a codefendant if he fails to object or fails to move for a severance. (*People v. Hickman* (1973), 56 Ill. 2d 175, 178; *People v. Nowak* (1970), 45 Ill. 2d 158, 168.) In the present case, the defendants did not object or ask for a severance so that trial could proceed when counsel for codefendants Sanders moved for a continuance. Having failed to do so, they cannot now take advantage of the delay for purposes of computing the speedy-trial period. Furthermore, on August 2, 1982, the reset trial date, these defendants joined with counsel for Sanders in a request for a continuance until August 30, 1982. Thus the period from June 7, 1982, until August 30, 1982, a

period of 84 days, is delay occasioned by defendants.

In summary, in the three time periods we have examined, the delays occasioned by the defendants or the time during which the interlocutory appeal was pending totaled 352 days: May 21, 1981, to November 6, 1981—169 days; November 9, 1981, to February 16, 1982—99 days; June 7, 1982, to August 30, 1982—84 days.

Subtracting the 352 days from the total delay of 465 days between the filing of the demand for trial and the commencement of trial leaves a delay of 113 days not excluded from the computation of the speedy-trial period of 160 days. We need not consider to whom delay occasioned by other proceedings was attributable. We find that the defendants were brought to trial within the 160-day period prescribed by statute.

We also find no violation of the defendants' constitutional right to a speedy trial. Although the statute is designed to implement the constitutional right to speedy trial, the constitutional right is not necessarily coextensive with the statutorily prescribed period. (*People v. Bazzell* (1977), 68 Ill. 2d 177, 181; *People v. Love* (1968), 39 Ill. 2d 436, 443.) In determining whether there has been a breach of the constitutional right to a speedy trial, four factors are considered: the length of the delay; the reasons for the delay; the prejudice to the defendants; and whether the defendants waived that right. (*People v. Bazzell* (1977), 68 Ill. 2d 177, 182.) In *People v. Love* (1968), 39 Ill. 2d 436, this court stated that a delay before trial may be so prolonged that prejudice will be presumed without requiring a defendant to demonstrate that he was prejudiced. "However, in a case where it is not clear that the right to a speedy trial was denied, the fact whether the accused was or was not in fact prejudiced through delay must be importantly considered in deciding that the delay was reasonable or unreasonable." *People v. Love* (1968), 39 Ill. 2d 436, 443.

Although in this case the delay was quite lengthy, we have noted in the above analysis that a substantial portion of that delay was occasioned by the defendants. Also, during the period of time between the demand for trial and the date that the trial commenced, the defendants were released on bond and were allowed to leave the State. The defendants have not demonstrated in what manner they have been prejudiced by this delay. Inasmuch as a substantial portion of the delay was occasioned by the defendants, we will not indulge in a presumption that they have in some manner been prejudiced. Thus we find no basis for holding that the defendants were deprived of their constitutional right to speedy trial. The judgment of the appellate court is reversed and the convictions are reinstated. As there were other issues before the appellate court which were not decided, we remand the cause to the appellate court for further proceedings.

*Reversed and remanded.*