THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID RYMUT, Defendant-Appellant.

Second District   No. 2—90—0737

Opinion filed July 30, 1991.

Peter A. Staben, of Staben & Kopsick, P.C., and Bryan R. Winter, of Fuqua, Winter, Stiles & Anderson, Ltd., both of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and John T. Moran, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, David Rymut, appeals from an order entered by the trial court which modified his terms of probation. The trial court found that defendant was not entitled to a good behavior allowance credit pursuant to section 32 of the County Jail Good Behavior Allowance Act (Act) (Ill. Rev. Stat. 1989, ch. 75, par. 32) because the victim suffered emotional distress that resulted in physical manifestations as a result of defendant's criminal act. Defendant contends on appeal that the trial court lacked the authority to deny him a statutory good behavior allowance. Defendant also contends that the term "physical harm" contained in the Act does not include emotional distress; therefore, the trial court erred in withholding defendant's statutory right to a good time allowance based on equating emotional distress with physical harm.

Defendant was charged by indictment with residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a)) and aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d)). During the trial, the 13-year-old victim testified that she awoke in her home to find defendant lying next to her. The victim testified that defendant rubbed her stomach and her left breast. The victim asked defendant to leave, and defendant did leave but told the victim not to tell her parents. The victim also prepared a victim impact statement in which she stated that after the incident she was sick to her stomach and had terrible nightmares. She also stated that she was afraid to sleep in her room alone, was suffering from depression, and cried a lot.

After a bench trial, defendant was found not guilty of the residential burglary charge but guilty of aggravated criminal sexual assault. The trial court sentenced defendant to 48 months' probation with the condition that he serve 180 days in the county jail. Defendant was also required to undergo psychiatric and drug and alcohol testing and treatment, perform 160 hours of community service, pay restitution

for the victim's counseling and to the advocacy center, and finally to have no contact with the victim or her family.

Sentence was pronounced on April 11, 1990. In pronouncing sentence, the trial court made no reference as to whether defendant was entitled to a good behavior allowance credit. Also, the court did not check off the box on the probation order which would have denied defendant a good behavior allowance credit.

On June 26, 1990, defendant filed a motion to clarify or modify the terms of his probation. Defendant asked the trial court either to clarify defendant's probation order so that it showed defendant was entitled to a good behavior allowance credit or modify the order to show that defendant was entitled to a good behavior allowance credit.

In ruling on defendant's motion, the trial court recognized that it had made no comments at the time of defendant's sentencing as to whether defendant was entitled to a good behavior allowance credit. The trial court also admitted that during the sentencing hearings it made no findings in reference to the existence or nonexistence of any physical harm. However, the trial court denied defendant's motion and stated that the crime required a six-month sentence. The trial court found that defendant had inflicted emotional distress which resulted in physical manifestations upon the victim and this required a denial of the good behavior allowance credit based on section 32 of the Act.

On July 3, 1990, when the trial court announced its decision on defendant's motion, it did not state that a written order was to follow. A clerk's minutes were filed with the record which summarized the trial court's decision; however, it too did not state that a written order was to follow. Also on July 3, 1990, defendant filed his notice of appeal. On July 5, 1990, the trial court entered a written order apparently presented by defendant which again enumerated the court's decision of July 3.

■ As his issue on appeal, defendant claims that he is entitled to the good behavior allowance credit pursuant to section 32 of the Act. Defendant first contends that the trial court was without authority to deny him a statutory allowance subsequent to sentencing. Also, defendant contends that the trial court erred in refusing to grant defendant a good behavior allowance credit based on defendant's infliction of emotional distress upon the victim. According to the statute in question:

> "The good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment after January 1, 1987 shall entitle such person beginning

on the date of sentence to a good behavior allowance, except that: (1) a person who inflicted physical harm upon another person in committing the offense for which he is confined shall receive no good behavior allowance." (Ill. Rev. Stat. 1989, ch. 75, par. 32.)

Defendant contends that, where the trial court found only that he inflicted emotional distress upon the victim, this was not the same as "physical harm" upon a victim and the trial court erred in equating physical harm with emotional distress.

■ The State argues that we do not have jurisdiction to hear this appeal because defendant filed his motion to clarify or modify the order of probation more than 30 days after judgment had been entered in the trial court. We disagree. Section 5—6—4(f) of the Unified Code of Corrections states:

"The conditions of probation, of conditional discharge and of supervision may be modified by the court on motion of the probation officer or on its own motion or at the request of the offender after notice and a hearing." Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(f).

In *People v. Tipton* (1981), 88 Ill. 2d 256, 264-65, the supreme court determined that this section gives the trial court continuing authority to deal with changing conditions during probation. Although under the general rule felony sentences cannot be challenged more than 30 days after judgment (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)), here the specific authority of section 5—6—4(f) controls over the general rule. (*Tipton*, 88 Ill. 2d at 265.) Thus, defendant could ask for a modification of his terms of probation after 30 days had passed from the sentencing order.

■ In the present cause, although defendant asked the court to modify his terms of probation and his request was denied, in actuality, what the trial court did was to modify defendant's terms of probation. The trial court admitted that it had made no findings during the sentencing phase concerning whether defendant had caused physical harm to the victim so as to be unqualified for the good behavior allowance. The trial court also admitted it had not found defendant ineligible for the good behavior allowance during sentencing. The form which listed defendant's terms of probation contained a box which could be checked if the good behavior allowance was not to be allowed. This box was not checked. Considering this factual situation, the trial court's order of denial of defendant's motion was a modification of defendant's terms of probation so that he was no longer entitled to a good behavior allowance. Under Supreme Court Rule 604(b),

an order modifying probation may be appealed (134 Ill. 2d R. 604(b)); however, an appeal must be taken from a final judgment (see 134 Ill. 2d R. 606(b)); here we find that defendant's appeal was premature, and, thus, we lack jurisdiction to hear it.

In order to determine whether the notice of appeal was premature, we need to examine Supreme Court Rules 271 and 272. (134 Ill. 2d Rules 271, 272.) Although Supreme Court Rules 271 and 272 are generally applied to civil cases, they have also been applied in criminal cases. See *People v. Jones* (1984), 104 Ill. 2d 268, 276 (Supreme Court Rule 271 was applied in a criminal case after the State appealed from an order granting a motion to suppress); *People v. Mennenga* (1990), 195 Ill. App. 3d 204, 209 (Supreme Court Rule 272 was applied to a criminal case where the State appealed from an order of dismissal).

Supreme Court Rule 271 states:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." 134 Ill. 2d R. 271.

At the time of defendant's motion, Supreme Court Rule 272 stated:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 134 Ill. 2d R. 272.

If Supreme Court Rule 271 applies, a written order is necessary before an order is appealable. If Supreme Court Rule 272 applies, an oral judgment would be final and appealable after the clerk entered a notation in the record as to the trial court's decision. *Puglisi v. Hansford* (1990), 193 Ill. App. 3d 803, 807.

Supreme Court Rule 272 was intended " 'to resolve the difficulties which had arisen regarding the timeliness of an appeal where an oral announcement of judgment from the bench antedated the entry of a written judgment order' [citation], and the rule's 'purpose [was] to remove any doubt as to the date a judgment [was] entered.' [Citation.]" (*Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 293.) Supreme Court Rule 272 was determined to apply in a criminal case where the State appealed from a dismissed indictment. (*Mennenga,* 195 Ill. App. 3d at

208-09.) In the civil area, Supreme Court Rule 272 applied where a party appealed from a voluntary dismissal. (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 379-80.) In *Puglisi* (193 Ill. App. 3d at 808), the appellate court found that Supreme Court Rule 272 applied to a default judgment because the ruling on the motion for a default judgment was a final adjudication in the cause. "Rule 272's language is directed toward those circumstances where all of the issues in the cause are concluded by the ruling of the court." *Puglisi*, 193 Ill. App. 3d at 808.

In *Jones* (104 Ill. 2d at 276), however, the supreme court found that a motion to suppress fell under the requirements of Supreme Court Rule 271. Where the State appealed the granting of a motion to suppress, the court held that Rule 271 applied and, thus, the trial court's oral order was not an order which could be appealed. (*Jones*, 104 Ill. 2d at 276.) Here, we find that the order of modification of probation was more akin to the type of motion involved in a motion to suppress rather than the types of final orders discussed above and Supreme Court Rule 271 applies in this situation. Thus, there was no final order until a written order had been entered.

Clearly, the motion to either clarify or modify the order of probation was not decided in the course of the trial. Similar to an order granting a motion to suppress, an appeal may be taken from an order of modification. (See 134 Ill. 2d Rules 604(a)(1), (b).) However, again like a decision on a motion to suppress, a ruling on a motion to modify probation does not finally decide all the issues in a cause so that all that is left is to enforce the sentence. As noted in *Tipton*, section 5—6—4(f) of the Unified Code of Corrections provides a mechanism whereby conditions of probation may be modified on a motion by the offender, on the court's own motion, or by the probation officer as conditions may change during the course of defendant's probation. Thus, Supreme Court Rule 272 does not apply where a court has issued an order modifying probation as a modification of probation is not an order which finally disposes of all the issues before the trial court or terminates the litigation so that all that is left is to enforce the judgment. This was not an order which terminated a criminal charge with finality. (See *Mennenga*, 195 Ill. App. 3d at 209.) Because Supreme Court Rule 271 applies in this cause, there was no final order until the court entered its written order. When defendant appealed before the written order was entered, his appeal was premature.

Finally, we note that defendant is not extremely prejudiced by this decision as he appealed presumably knowing that he intended also to have the trial court issue a written order. Knowing that he intended

to have the court issue a written order, defendant should have filed his notice of appeal after the written notice had been signed by the trial judge. Defendant may also again ask to modify the terms of his probation under the requirements of section 5—6—4(f).

Pursuant to Supreme Court Rule 271, defendant's appeal was premature, and we must dismiss this cause.

Appeal dismissed.

BOWMAN and DUNN, JJ., concur.