THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID K. DYLAK, Defendant-Appellee.

Second District No. 2—92—0987

Opinion filed February 28, 1994.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel J. Cain and Deron R. Benson, both of Sreenan & Cain, P.C., of Rockford, for appellee.

JUSTICE PECCARELLI delivered the opinion of the court:
Defendant, David Dylak, was charged with official misconduct (Ill. Rev. Stat. 1991, ch. 38, par. 33—3 (now 720 ILCS 5/33—3 (West 1992))) for allegedly filing a false worker's compensation claim. The State appeals the trial court's order suppressing defendant's statements made to Illinois State Police investigators. The State contends that the court's order suppressing the statements because

they were coerced under the threat of disciplinary action was manifestly erroneous.

A grand jury indicted defendant, a Boone County deputy sheriff, for official misconduct. The indictment alleges that defendant attempted to commit a theft by filing a false report concerning how an injury occurred and filing a worker's compensation claim in connection with that injury.

Special Agents Wayne Fieroh and Robert Hartley of the Illinois State Police met with defendant on July 11, 1991. During this meeting defendant made certain inculpatory statements.

Defendant filed a motion to suppress these statements, contending that he had been threatened with disciplinary action if he failed to cooperate with the investigation and that the statements were therefore involuntary. The court initially denied the motion. Defendant filed a motion to reconsider. The court granted the motion and suppressed the statements following a hearing on July 22, 1992.

After the hearing, the prosecutor stated that he intended to file an interlocutory appeal. The trial court then instructed defense counsel to prepare a written order memorializing the court's decision. The court's docket entry for that date states:

"Court reconsiders the Defendant's Motion To Suppress and grants same. Court orders that defendant's statements made to the Illinois State Police on July 11, 1991 are suppressed. Mr. Cain [defense counsel] to draft a written order. (See Order.) Court is informed that the State intends to file an interlocutory appeal."

The next day, the court clerk sent notice to both defense counsel and the State's Attorney that the matter was set for status on September 11, 1992. The notice states at the bottom, "Parties need not appear at that time if the State's Interlocutory appeal has been filed by then." The State filed its notice of appeal on August 19, 1992. However, the written order concerning the July 22 hearing was not filed until September 11, 1992. Apparently, defense counsel never prepared such an order. The State's Attorney prepared the order which appears in the common-law record. The docket entry for the September 11 status hearing notes that the State had filed its appeal and continues the cause to November 13 for status.

The State preliminarily contends that we should find that we have jurisdiction to hear this appeal. Conceding that the notice of appeal was filed prior to the entry of the written order contemplated at the July 22 hearing, the State further acknowledges the existence of authority holding that such a defect precludes appellate jurisdiction. However, the State contends that this authority is neither controlling nor persuasive and that we have jurisdiction of this matter.

We appreciate the State's candor, but cannot find that we have jurisdiction under the facts presented. Supreme Court Rule 606(b) provides that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." (134 Ill. 2d R. 606(b).) The failure to file the notice of appeal is jurisdictional. (*People v. Mennenga* (1990), 195 Ill. App. 3d 204, 206.) Supreme Court Rule 271 provides:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (134 Ill. 2d R. 271.)

Although this rule appears among the civil appeals rules, it has been held applicable in criminal cases as well. *People v. Jones* (1984), 104 Ill. 2d 268, 275; *People v. Rymut* (1991), 216 Ill. App. 3d 920, 924.

In *Jones*, the supreme court stated that a ruling on a motion to suppress was "a ruling on a motion other than in the course of trial" and therefore was governed by Rule 271. (*Jones*, 104 Ill. 2d at 275.) The court stated that where the State's notice of appeal was filed prior to the entry of the written order the notice of appeal was premature and did not confer jurisdiction on the appellate court. *Jones*, 104 Ill. 2d at 276.

The State points out that the real issue in *Jones* was whether a speedy trial violation occurred and the discussion of the interlocutory appeal is essentially *dictum*. *Obiter dicta*, even of the supreme court, are not binding authority, although they may be persuasive. *Cates v. Cates* (1993), 156 Ill. 2d 76, 80; *Watson v. Hartford Casualty Insurance Co.* (1990), 205 Ill. App. 3d 88, 93.

We found the statements in *Jones* persuasive and applied them in *People v. Rymut* (1991), 216 Ill. App. 3d 920. There we held that Rule 271 applied to an order modifying a term of probation. Since the notice of appeal was filed after the oral ruling but before the written order was filed, it was premature and this court had no jurisdiction. *Rymut*, 216 Ill. App. 3d at 925.

The State contends that *Rymut* is distinguishable because, unlike the defendant in that case, the State would be "prejudiced" by the dismissal of its appeal. Obviously, a party will be "prejudiced" any time its appeal is dismissed. The jurisdictional rules would serve no purpose if a party could avoid their effect merely by claiming prejudice. Moreover, the obvious purpose of Rule 271, like its companion, Rule 272, is to avoid confusion concerning when a final order or judgment is entered. (See 134 Ill. 2d R. 272, Committee Comments.) This purpose would be frustrated if the ultimate determination of the entry of a final order were made to hinge on a subjective determi-

nation of "prejudice." Like the rules governing guilty pleas, Rule 271 is a rule of procedure and not a suggestion; counsel and courts alike are bound to follow it. See *People v. Wilk* (1988), 124 Ill. 2d 93, 103.

Rule 271 provides that the written order will be the final order unless the court orders otherwise. Here, the court clearly did not order otherwise. The court and both parties understood that a written order would be forthcoming. If defense counsel was dilatory in preparing the written order, nothing prevented the State from presenting the order, which it eventually did. The State does not contend that it was misled or confused about whether a written order had been entered. We see no reason to depart from *Jones* and *Rymut*. The State's notice of appeal, filed after the court's oral pronouncement but before the entry of the written order, was premature, and we have no jurisdiction to entertain this appeal.

We therefore dismiss the appeal.

Appeal dismissed.

WOODWARD and QUETSCH, JJ., concur.