THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL A. MAYNARD, Defendant-Appellee.

Fourth District    No. 4—08—0934

Opinion filed August 6, 2009.

Randall Brinegar, State's Attorney, of Danville (Patrick Delfino, Robert J. Biderman, and Charles F. Mansfield (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Brett N. Olmstead (argued) and Lindsay B. Kearns, both of Beckett & Webber, P.C., of Urbana, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

In May 2008, the State charged defendant, Michael Maynard, by information with one count of criminal sexual assault and one count of aggravated criminal sexual abuse (720 ILCS 5/12—13(a)(1), 12—16(d) (West 2006)). The State appeals the trial court's order suppressing defendant's statements made to Danville police department investigators. The State contends that the court's order suppressing the statements because defendant "asserted his right to counsel upon his arrest and that no interrogation should have taken place at that time" was error as a matter of law.

Defendant was arrested at his home on May 7, 2008, and transported to the Danville public safety building. Investigators Scott Damilano and Troy Hogren of the Danville police department interviewed defendant. During this interview, defendant made certain inculpatory statements.

Defendant filed a motion to suppress these statements, arguing (1) he was interrogated after his arrest despite his request for counsel, (2)

his attorney was denied an opportunity to speak to defendant, (3) his statements were induced by the promise he would not be charged, and (4) the statements were therefore involuntary.

The trial court conducted a hearing on November 14, 2008. Thereafter, the parties submitted written arguments. In a letter decision dated December 4, 2008, the court (1) granted the motion and suppressed the statements, and (2) directed defense counsel to prepare a written order "in conformance with this letter decision and submit it to me for signature." The State filed a notice of appeal on the same day, December 4, 2008.

Defense counsel prepared an order granting the motion and suppressing the statements. The trial court entered the order on December 10, 2008. The State did not file a notice of appeal after December 10, 2008.

Defendant argues the notice of appeal filed December 4, 2008, was premature and did not confer jurisdiction on the appellate court. Supreme Court Rule 606(b) provides that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." 210 Ill. 2d R. 606(b). "Failure to file the notice of appeal is jurisdictional." *People v. Mennenga*, 195 Ill. App. 3d 204, 206, 551 N.E.2d 1386, 1388 (1990).

Supreme Court Rule 271 states: "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." 134 Ill. 2d R. 271. Although this rule appears among the civil appeals rules, it has been held applicable in criminal cases as well. See *People v. Jones*, 104 Ill. 2d 268, 276, 472 N.E.2d 455, 458 (1984).

A ruling by a court on a motion to suppress is not a final judgment but a ruling on a motion other than in the course of trial. *Jones*, 104 Ill. 2d at 275, 472 N.E.2d at 458. Therefore, Rule 271 applies, and pursuant to that rule it was incumbent upon defense counsel to prepare and present to the court the order to be entered unless the court directed otherwise. Critically, the letter decision made clear that a signed order suppressing the evidence was contemplated: "Attorney Olmstead is to prepare a written [o]rder in conformance with this letter decision and submit it to me for signature." Although the ruling on the motion to suppress was made on December 4, 2008, no written order on this ruling was entered until December 10, 2008. The judge's written pronouncement on December 4, 2008, was not an order from which an appeal could be taken. See *People v. Eddington*, 64 Ill. App. 3d 650, 654, 381 N.E.2d 835, 838 (1978) ("notice of appeal filed by the State prior to the entry of the written order of suppression would be

premature"); *People v. Boston*, 27 Ill. App. 3d 246, 248, 327 N.E.2d 40, 42 (1975) ("mere announcement of an order in court does not constitute the entry of that order"); *People v. Deaton*, 16 Ill. App. 3d 748, 749, 306 N.E.2d 695, 696 (1974) ("notice of appeal was given at a time when there was not in existence a judgment order").

Contrary to the State's assertion, the statements in *Jones* were not *dicta*. In *Jones*, the supreme court examined delay occasioned by defendants' motion to suppress in computing speedy-trial time. For example, the court held that defendants failed to establish that delay between an oral pronouncement and entry of a written order was delay caused by the prosecution, and such delay was not to be counted in calculating speedy trial. *Jones*, 104 Ill. 2d at 280-81, 472 N.E.2d at 461. The statements in *Jones* were essential to the court's ruling on the speedy-trial issue. We note the Second District has found the statements in *Jones* persuasive and applied them in *People v. Dylak*, 258 Ill. App. 3d 141, 630 N.E.2d 164 (1994), and *People v. Rymut*, 216 Ill. App. 3d 920, 576 N.E.2d 1208 (1991).

Further, the case of *People v. Allen*, 71 Ill. 2d 378, 375 N.E.2d 1283 (1978), is inapplicable to the present case since *Allen* is limited to the issue of whether the pronouncement of sentence, rather than the entry of judgment order, is the judicial act comprising the judgment of the court for purposes of appeal. See *Eddington*, 64 Ill. App. 3d at 654, 381 N.E.2d at 838. The State also attempts to distinguish the instant case, arguing that Rule 271 applies "only where there is an oral pronouncement of judgment." The mere fact that the trial court took the instant case under advisement and did not rule orally from the bench does not indicate that Rule 271 does not apply. Rule 271 does not distinguish between oral and written rulings.

The State next argues that "Rule 272, not Rule 271, controls where, as here, the substantive effect of the trial court's decision is to dismiss the charge." Nothing in the record indicates a charge has been dismissed.

Pursuant to Supreme Court Rule 271, the State's appeal was premature, and we dismiss this cause.

For the reasons stated, we dismiss the appeal for lack of jurisdiction.

Dismissed.

KNECHT and STEIGMANN, JJ., concur.