(No. 40638.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN WEBB, alias James Niev, Appellant.

*Opinion filed January 19, 1968.*

WARD, J., took no part.

GETER & GETER, of Chicago, (HOWARD GETER, SR. and HOWARD D. GETER, JR., of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOEL M. FLAUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, John Webb, was indicted in the circuit court of Cook County for the offense of gambling. (Ill. Rev. Stat. 1965, chap. 38, par. 28—1(a)(8).) He waived jury trial, was convicted, and was placed on probation for a period of three years. A constitutional question gives us jurisdiction.

Defendant's pretrial motions to bar prosecution because of former jeopardy and to quash a search warrant and to suppress evidence were denied, and defendant contends on appeal that the denial of these motions constitutes reversible error.

Defendant's first point challenges the authority of a magistrate to issue a warrant to search an automobile. He does not argue that the search warrant was defective or that it was improperly executed, therefore, it is unnecessary to recite in detail the facts leading to its issuance or concerning its execution. A sworn complaint for a warrant to search James Niev and a certain 1959 Ford automobile registered in his name was presented to a magistrate who issued the requested warrant. As a result of a search of the car, policy tickets used in connection with gambling were found and seized; and defendant, who was in possession of the car at the time of the search, was arrested. The officer who executed the warrant testified that he saw defendant carry the package containing the policy tickets to the car.

Defendant's sole argument in support of his contention that the search warrant should have been quashed and the evidence suppressed is that the magistrate had no authority to issue a warrant to search an automobile under the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1965, chap. 38, par. 108—3 and 108—7.) In support of his argument defendant points out that the provisions for issuance of a search warrant prior to adoption of the Code specifically permitted a judge or justice of the peace to issue a warrant to search a "house or place or person, automobile or other vehicle" (Ill. Rev. Stat. 1961, chap. 38, par. 691), while sections 108—3 and 108—7 only authorize issuance and execution of a warrant to search a "place or person." From this defendant reasons that the legislature intended to limit the places that can be searched under a search warrant and that search of automobiles was not intended.

The State argues that there was no legislative intent to so drastically limit the scope of search and seizure by the enactment of sections 108—3 and 108—7, but rather that the new provisions were designed merely to replace the old with a concise statement of the procedure for issuing warrants and the grounds on which a warrant may be issued. The State cites the Committee Comments (S.H.A. chap. 38, sections 108—3 and 108—7) in support of its argument.

There is no logical reason to say that an automobile or other vehicle cannot be a "place" within the meaning of sections 108—3 and 108—7. In fact, a "gambling place" is defined by the statute as "any real estate, vehicle, boat or any other property whatsoever used for the purposes of gambling." (Ill. Rev. Stat. 1965, chap. 38, par. 28—3.) There is nothing to indicate that the legislature by authorizing a search warrant for a "place or person" has expressed an intent to eliminate automobiles or vehicles as a place of a search. The magistrate had authority to issue the warrant to search the described automobile and therefore the motion

to quash the warrant and to suppress the evidence was properly denied.

Defendant next contends that he was charged with a misdemeanor and, since a magistrate had jurisdiction, he was placed in jeopardy at the preliminary hearing when evidence was received against him. Therefore, he argues, the trial court improperly denied his plea in bar of prosecution as being twice placed in jeopardy. We recently held that a magistrate has no authority to try a defendant for a violation of section 28—1(a)(8) of the Criminal Code. (*People* v. *Chatman,* 38 Ill.2d 265.) There, we also said that a defendant is not placed in "jeopardy" at the preliminary hearing since the sole purpose of the hearing is to determine if probable cause exists for binding defendant over to the grand jury and not to make a final determination of guilt or innocence. That case is dispositive of defendant's second contention.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.