THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES S. TATE, Defendant-Appellee.
First District (2nd Division)    No. 76-420

Opinion filed March 15, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and William F. Ward, Jr., Assistant State's Attorneys, of counsel), for the People.

Howard D. Geter, Jr., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The State appeals the trial court's dismissal of an indictment on the theory that a preliminary hearing had in fact placed defendant, James Tate, in jeopardy, therefore barring further prosecution. Defendant was

charged in a sworn complaint with the offense of gambling (Ill. Rev. Stat. 1973, ch. 38, par. 28—1(a)(8)) on October 29, 1974. The complaint also alleged that defendant had been convicted of the same offense on October 2, 1974. Thus the complaint charged defendant with the commission of a felony under section 28—1(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 28—1(c)).[1]

On February 4, 1975, a hearing took place before the Honorable David Shields. The transcript of that hearing indicates that counsel for the State and defendant requested the court to conduct a probable cause hearing on the charge. After the witnesses were sworn, defense counsel stated it was his position that the charge against defendant was a misdemeanor, that the court had jurisdiction over misdemeanors, that he was proceeding as though on arraignment, and that he waived a jury, entered a plea of not guilty, and answered ready for trial. The State indicated it was answering ready for a probable cause hearing. The court then stated it would proceed on a probable cause hearing.

Following the testimony of the arresting police officer, defense counsel restated his position and announced that he was resting his case. The State asked for a finding of probable cause. Defense counsel argued that the evidence presented failed to prove defendant guilty beyond a reasonable doubt. The court entered a finding of probable cause and ordered that defendant be bound over to the grand jury.

Defendant was thereafter indicted and the case was assigned to Judge Robert Collins. Defendant then filed a plea in bar of prosecution seeking dismissal of the indictment. Defendant urged, as the basis for such action, that the hearing which had taken place before Judge Shields had been a trial on the merits of a misdemeanor charge because the previous conviction which formed the basis of the felony charge had been void. At the hearing before Judge Collins, the State conceded the invalidity of defendant's prior gambling conviction and sought to file a new misdemeanor gambling charge. Judge Collins held that if the previous felony conviction was void, then at the time defendant went before Judge Shields he had in fact been charged with a misdemeanor. In spite of the fact that both Judge Shields and the prosecutor had labeled the proceeding as a probable cause hearing, Judge Collins held that because defendant had appeared before Judge Shields, an associate judge, who had jurisdiction to try misdemeanor cases, jeopardy had attached, barring another prosecution. Judge Collins dismissed the indictment and the State has appealed.

---

[1] Section 28—1(c) (Ill. Rev. Stat. 1973, ch. 38, par. 28—1(c)) (Sentence) provides, in relevant part: "Gambling under any of subsections (a)(3) through (a)(10) of this Section is a Class A misdemeanor. A second or subsequent conviction under any of subsections (a)(3) through (a)(10), is a class 4 felony."

## I.

The only issue before this court is the propriety of the dismissal of the indictment. The trial court reasoned that because Judge Shields had jurisdiction to try a misdemeanor charge and because the State admitted that defendant's previous conviction for gambling was void, the proceeding conducted by Judge Shields constituted a trial on the merits of a misdemeanor, and a subsequent prosecution was thus barred.

■■■ Section 3—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(b)(1)) provides that a prosecution is barred if a prior prosecution resulted in either an acquittal or a conviction, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution or was for an offense with which the defendant should have been charged on the former prosecution. A finding of probable cause at a preliminary hearing is neither a conviction, an acquittal, nor otherwise within the terms of section 3—4. *People v. Brown* (1st Dist. 1973), 16 Ill. App. 3d 692, 306 N.E.2d 561.

"Prosecution" is defined in section 2—16 of the Criminal Code as "all legal proceedings by which a person's liability for an offense is determined, *commencing with the return of the indictment* or the issuance of the information, and including the final disposition of the case upon appeal." (Emphasis added.) "Acquittal" is defined in section 2—1 as, "a verdict or finding of not guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." "Conviction" is defined in section 2—5 as, "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." The proceeding before Judge Shields meets none of these criteria.

Before Judge Shields there was no finding of guilt or innocence as defined by the Criminal Code. Our supreme court made the following interpretation of section 3—4 in *People v. Miller* (1966), 35 Ill. 2d 62, 66, 219 N.E.2d 475:

> "To become operative the section [3—4] contemplates the existence of several conditions. With reference to the subsequent proceeding or 'prosecution' any of three different situations must exist: (1) it must be for an offense of which the defendant could have been convicted on the former prosecution, or (2) an offense with which the defendant should have been charged on the former prosecution, or (3) an offense which involves the same conduct as in the former prosecution. * * * One condition remains and this is contained in the introductory sentence and first clause of the

subparagraph of the section, wherein it is provided that, '*A prosecution is barred* \* \* \* *if such former prosecution:* (1) *Resulted in either a conviction or an acquittal,* \* \* \*.' This language cannot be ignored and it is clear that this is a condition which is descriptive of the former prosecution and is as essential to the application of the section as is the existence of any one of the conditions descriptive of the subsequent prosecution." (Emphasis added.)

*People v. Chatman* (1967), 38 Ill. 2d 265, 230 N.E.2d 879, held that the concept of "jeopardy" as embodied in section 3—4 and in the Federal and State constitutions, requires that an accused be on trial for the offense, that is, that he be present at a judicial hearing aimed at reaching a final determination of his guilt or innocence of the offense charged. (38 Ill. 2d 265, 270.) In *People v. Webb* (1968), 39 Ill. 2d 146, 233 N.E.2d 365, the court cited *Chatman* in holding that jeopardy had not attached at a preliminary hearing when the defendant contended that the charges against him were a misdemeanor. (39 Ill. 2d 146, 149.) In *People v. Neal* (4th Dist. 1967), 89 Ill. App. 2d 318, 231 N.E.2d 610, it was determined at a preliminary hearing that no probable cause existed to hold the defendant to a charge of aggravated battery. The defendant was then charged with the unlawful use of weapons, a charge arising out of the same facts as the prior charge. The defendant's motion in bar was granted. On appeal, the issue was whether or not a preliminary hearing was, for purposes of prior jeopardy, the commencement of a prosecution. The court reversed, holding that there was no "prosecution" and that jeopardy does not attach at a preliminary hearing. (89 Ill. App. 2d 318, 322.) In *Neal*, the defendant also argued that the crime with which he was charged was a misdemeanor, and that it was improper for the court, having jurisdiction over misdemeanors, to conduct a preliminary hearing rather than a trial on the merits of the misdemeanor. Noting that the defendant himself had requested a preliminary hearing and thus precluded a decision on the merits, the court stated: "\* \* \* the record shows that the defendant himself requested a preliminary hearing, that one was actually conducted and the case was not tried on the merits. Thus what might have been simply isn't and there is no bar." 89 Ill. App. 2d 318, 322.

In the case at bar, the proceeding which took place before Judge Shields on February 4, 1975, was nothing more than a probable cause hearing, therefore the indictment should not have been dismissed. Judge Shields clearly defined and described the hearing. No one was misled.

Defendant relies heavily on *People v. Laws* (1963), 29 Ill. 2d 221, 193 N.E.2d 806, in support of his position that the jurisdiction of associate judges over misdemeanors is enough to have subjected him to jeopardy when he appeared before Judge Shields. In *Laws*, a bench trial had

already begun and evidence had already been presented when it was learned that the defendant had never entered a plea. The state's attorney, believing that a valid judgment of conviction could not be entered without a plea, moved for a mistrial and the court granted the motion. Both the trial court and the assistant state's attorney were apparently unaware of an Illinois Supreme Court ruling that a conviction entered absent a plea is valid (*People v. Hill* (1959), 17 Ill. 2d 112, 160 N.E.2d 779). The State then sought and obtained a new indictment. The defendant moved for discharge, which the court denied. The defendant appealed from the order of the trial court denying his motion for discharge. The supreme court reversed, stating:

> "[W]here, as here, a case is heard without a jury, jeopardy attaches when the accused is subjected to a charge and the court has begun to hear evidence." (29 Ill. 2d 221, 224.)

Defendant's comparison of his case to *Laws* presupposes that the proceeding before Judge Shields was a trial. As we have concluded that it was not, and because defendant was never "subjected to a charge" in the same manner as was Laws, the comparison fails.

For the reasons stated, it was error to grant defendant's motion in bar of prosecution. Accordingly, the order of the circuit court of Cook County dismissing the indictment is reversed.

Reversed.

STAMOS and PERLIN, JJ., concur.