THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
PHILLIP D. MENNENGA, Defendant-Appellee.

Fourth District   No. 4—89—0563

Opinion filed March 22, 1990.—Rehearing denied April 19, 1990.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Glenn A. Stanko, of Reno, O'Byrne & Kepley, of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

The circuit court of Champaign County dismissed count I of an information charging Phillip D. Mennenga, defendant, with aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14.) We must first determine whether there is appellate jurisdiction.

An information was filed on March 17, 1989, charging defendant in count I with aggravated criminal sexual assault, and in count II with aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16). At a March 27, 1989, court proceeding, the preliminary hearing was set for April 11, 1989. On April 6, 1989, the State took the case before a grand jury, which returned a no-true bill as to the assault charge and a true bill as to the abuse charge. On April 11, 1989, the defendant appeared for the preliminary hearing, was not given one, and was arraigned on the indictment, count II. On April 26, 1989, defendant received notice of a preliminary hearing on count I, set for May 1, 1989. Defendant appeared on May 1, 1989, and unsuccessfully objected to the preliminary hearing. Probable cause was found as to count I. The same witnesses testified at the preliminary hearing that testified at the grand jury hearing.

On May 16, 1989, a motion to dismiss information and indictment was filed, setting forth the above-stated procedures. On July 7, 1989, a hearing was held on the motion to dismiss. The trial court made an oral pronouncement of its dismissal of count I. The docket entry of July 7 states:

"People present by Assistant State's Attorney Elizabeth Dobson. Defendant present with his Attorney Glenn Stanko. Arguments heard on defendant's motion to dismiss the information and indictment. The motion is allowed as to Count I of the information. Count I of the information is dismissed. The motion is denied as to Count II of the indictment."

The State filed a notice of appeal on July 12, 1989.

On September 14, 1989, a written order dismissing count I was

signed by the judge, and was filed. Counsel for both the State and the defense signed the written order, approving it as to form. No notice of appeal was filed after the September 14 filing. The relevant part of the September 14 order provided:

"The motion to dismiss information and indictment should be granted with respect to the information (Count I) based on the allegations contained in paragraphs 1—12 of Count I of the motion, and in particular, based on the impropriety of filing an information and holding a preliminary hearing on a charge when the grand jury had earlier returned a no true bill on that identical charge."

## I

■ The State's right to appeal to the appellate court is provided by Supreme Court Rule 606(b). "[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from ***." (107 Ill. 2d R. 606(b).) Failure to file the notice of appeal is jurisdictional. See *Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 979, 372 N.E.2d 862, 865-66.

Defendant contends that the order of September 14 was the *entry* of the judgment and the prior filing of the notice of appeal was not sufficient to confer appellate jurisdiction. The State contends the oral pronouncement on July 7 was the *entry* and, if not, the docket entry was the *entry*.

Supreme Court Rule 271 provides as follows:

"*Orders on Motions*

When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (Emphasis in original.) (107 Ill. 2d R. 271.)

Rule 272 states:

"*When Judgment is Entered*

If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (Emphasis in origi-

nal.) 107 Ill. 2d R. 272.

While both rules come under article II of rules on civil proceedings in the trial court (107 Ill. 2d, art. II, Rules 101 through 300), Rule 271 has been held applicable to criminal cases (see *People v. Jones* (1984), 104 Ill. 2d 268, 276, 472 N.E.2d 455, 458), and a rule similar to Rule 272 is applicable in criminal cases. (See *People v. Boston* (1975), 27 Ill. App. 3d 246, 248, 327 N.E.2d 40, 42.) The applicability of Rule 271 in *Jones* involved an order suppressing evidence and the time of its entry. We note that a motion relating to suppression of evidence requires certain findings. (Ill. Rev. Stat. 1987, ch. 38, par. 114—12(e).) The *Jones* decision cited Rule 271, and stated a decision on a motion to suppress was not a final judgment and a written order was necessary. (*Jones*, 104 Ill. 2d at 275, 472 N.E.2d at 458.) The opinion went on to say:

> "The notice of appeal filed August 13, 1981, was premature and did not confer jurisdiction on the appellate court. Rule 271 (87 Ill. 2d R. 271) is applicable to rulings on motions and requires that a written order be presented to the court for signature. Also, the conversation between the court and counsel when the oral ruling was made clearly indicates that a signed order suppressing the evidence was contemplated. The judge's oral pronouncement on July 24, 1981, was not an order from which an appeal could be taken. (See *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 459-60.) Our appellate court has, on several occasions, held that a notice of appeal filed after an oral ruling, but before the filing of a written order, is premature and confers no jurisdiction on the appellate court. *People v. Eddington* (1978), 64 Ill. App. 3d 650, 654; *People v. Boston* (1975), 27 Ill. App. 3d 246, 248; *People v. Deaton* (1974), 16 Ill. App. 3d 748, 749." (*Jones*, 104 Ill. 2d at 276, 472 N.E.2d at 458-59.)

An argument can be made that all of this is *dicta* because the State had filed a second notice of appeal within 30 days after the written order was entered. The subject of appellate jurisdiction arose when the supreme court was ruling on a speedy-trial issue.

In *Boston*, cited in the above statement from *Jones*, the notice of appeal was filed after an oral pronouncement, discharging the defendant because of the speedy-trial provision, but before the written order was entered. The *Boston* court stated:

> "It has been held in several civil cases that if a notice of appeal is filed after the trial court has stated what its decision will be but before a written order is filed, the notice of appeal

is not timely and the appellate court has no jurisdiction. (*Grissom v. Buckley-Loda Community Unit School District No. 8*, 11 Ill. App. 3d 55, 296 N.E.2d 624; *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.*, 2 Ill. App. 3d 524, 275 N.E.2d 654; *Belinski v. City National Bank*, 133 Ill. App. 2d 800, 270 N.E.2d 524; *Green v. Green*, 21 Ill. App. 3d 396, 315 N.E.2d 324; *Loveless v. Loveless*, 3 Ill. App. 3d 967, 279 N.E.2d 531.) We realize that some of the cases cited above rely partially upon Supreme Court Rule 272 (Ill. Rev. Stat., ch. 110A, par. 272), a rule applicable only to civil cases. We find, however, that a similar rule is applicable in criminal cases as well." (*Boston*, 27 Ill. App. 3d at 248, 327 N.E.2d at 41-42.)

The trial court in *Boston* specifically stated that a written order would be prepared, specifically triggering the delay in entry if Rule 272, or a common law rule similar to Rule 272, applies.

Rule 271 would appear to apply to court orders that follow decisions on *motions*, other than in course of trial. A judgment based upon a verdict or a decision after a bench trial is not a result of a *motion*. A ruling on a speedy-trial issue or similar to the one now before the court can permanently terminate prosecution on a charge, but results from a hearing on a *motion*. The motion with which we are presently concerned was not made during trial.

Contrary to the State's argument, we do not find *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283, applicable. In that case, the court held that in a criminal case the pronouncement of the sentence is the judicial act which comprises the judgment of the court and the notice of appeal within 30 days of the pronouncement vested appellate jurisdiction, even though a written judgment was filed at a later date. We note portions of Rule 606(b) cited in *Allen* (58 Ill. 2d R. 606(b)) have been deleted from the present Rule 606 (107 Ill. 2d R. 606). Our court, in requiring a written order in a case involving a motion to suppress hearing, limited *Allen* to its facts. *People v. Eddington* (1978), 64 Ill. App. 3d 650, 654, 381 N.E.2d 835, 838.

We are aware of the general administration order on record-keeping in the circuit court (Ill. Ann. Stat., ch. 25, par. 16(D)(b), at 30 (Smith-Hurd Supp. 1989)). The administrative order, effective January 1, 1971, provides in part:

"The action of the judge shall be reflected in a signed order or a minute order. A minute order is an orally pronounced order shown on the record sheet in brief form sufficient to record the action of the judge. When a signed order is filed, that fact shall be noted on the record sheet, briefly indicating its nature.

An order otherwise appealable shall not be considered non-appealable because it is in minute form."

This administrative order is not automatically effective as to all counties, and has not, to our understanding, been made applicable to Champaign County. Many of the lesser populated counties of the fourth district are affected by this order, and docket orders are regularly considered sufficient to trigger the notice of appeal filing period.

Regardless of the attempts in previous opinions to clarify the issues of time for notice of appeal, confusion still exists. Justice Jones, in *Boston*, when stating the existence of a rule in criminal proceeding similar to Rule 272, was recognizing the historic practice of treating docket entries, or minute orders, as final orders, unless the entry called for a written order. In *Boston*, the trial court had stated a written order would be prepared.

■ We conclude, regardless of the use of the word *motion* in Rule 271, orders terminating a criminal charge with finality, as in *Boston*, based on a violation of the speedy-trial statute, and for reasons existing in the present case, are subject to Rule 272 treatment. This conclusion is consistent with Rule 272, with the previously quoted administrative order, and with historic practice in criminal cases. We emphasize that Rule 271 and Rule 272 were adopted for civil practice, and certain terminology might not apply as well to criminal procedure. The orders in *Boston* and in this case are in the nature of a final judgment as envisioned by Rule 272.

■ The trial court, when ruling on the motion to dismiss, did not call for a written order, and the docket entry did not provide for a written order. The docket entry became the final entry of the order and was appealable. The motion to dismiss this appeal was correctly denied when initially presented to this court.

## II

We now must decide if it is proper to proceed with a preliminary hearing as to count I under the facts in this case. The State and the defendant agree that the information containing count I was filed March 17, 1989. The defendant was arrested the same date and posted bail on March 21. On March 27, a preliminary hearing was set for April 11. The defendant was arraigned on March 30 and, on April 6, a grand jury returned a no-true bill as to count I and a true bill as to count II. No preliminary hearing was provided on April 11. On April 26, a notice of a preliminary hearing on the original count I was mailed, setting the preliminary hearing for May 1. The same witnesses used in the grand jury were used in the preliminary hearing,

and no additional evidence was provided.

The preliminary hearing was provided within 60 days of the arrest, and the defendant was on bail. Therefore, there was no violation of section 109—3.1 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 109—3.1).

This appears to be a case of first impression.

Section 112—4(b) of the Code prescribes the duties of the grand jury and the State's Attorney. The statute provides, in relevant part:

"In cases where the initial charge has been commenced by information or complaint and a finding of no probable cause has resulted as to any offense charged therein, the Grand Jury shall be informed of the finding entered at the preliminary hearing and further advised that such finding shall not bar the State from initiating new charges by indictment, information or complaint if the State's Attorney has reasonable grounds to believe that the evidence available at that time is sufficient to establish probable cause." (Ill. Rev. Stat. 1987, ch. 38, par. 112—4(b).)

This statutory provision makes sense for several reasons. The State cannot appeal from a dismissal on a finding of no probable cause. (*People v. Kent* (1972), 54 Ill. 2d 161, 164, 295 N.E.2d 710, 712.) The defendant has not been convicted or acquitted, and has not been placed in double jeopardy. (*People v. Harris* (1972), 52 Ill. 2d 558, 562, 288 N.E.2d 385, 387-88; *People v. Webb* (1968), 39 Ill. 2d 146, 149, 233 N.E.2d 365, 367.) In absence of double jeopardy, or a violation of the speedy-trial provisions, public policy justifies the State being able to proceed if additional evidence of the offense is obtained. Limitation provisions and the provisions of section 109—3.1 of the Code adequately protect the alleged offenders. We recognize that no additional evidence was indicated in the present case.

If the State proceeds first by information, and a finding of no probable cause results from the preliminary hearing, our courts have recognized that the State can subsequently proceed with a grand jury indictment for the same offense. (*Kent*, 54 Ill. 2d at 163-64, 295 N.E.2d at 711-12.) The State also can proceed by filing an information and then, prior to the preliminary hearing, obtain grand jury indictments, thus avoiding the necessity of the preliminary hearing. (*People v. Rush* (1980), 91 Ill. App. 3d 366, 370, 414 N.E.2d 899, 902.) A finding of no probable cause at a preliminary hearing does not, in itself, bar proceeding on a new information charging the same offense and with a new preliminary hearing. (*People v. Overstreet* (1978), 64 Ill. App. 3d 287, 289, 381 N.E.2d 305, 306.) This court, in *Overstreet*,

conditioned the validity of a second preliminary hearing upon the absence of harassment, bad faith, or fundamental unfairness.

While argument has been made that the grand jury provides a basic protection to the public which is superior to that of a probable cause hearing, we recognize a fallacy within this position. The drafters of the 1970 Illinois Constitution, when authorizing the General Assembly to abolish the grand jury or further limit its use, did not regard its protection as superior to that afforded by a preliminary hearing. (See Ill. Const. 1970, art. I, §7.) The witnesses before the grand jury are usually called by the State's Attorney, and defendants seldom have the opportunity to appear to testify or have the right to have counsel present during the grand jury proceedings. Basically, the State's Attorney is legal counsel to the grand jury, and his influence is obvious. We conclude that proceeding by information at preliminary hearing after a no-true bill is no more a violation of due process than proceeding with an indictment after the finding of no probable cause in a preliminary hearing. The court in *Kent* stated:

> "In our opinion the language of the constitutional provision, as well as the history of its evolution, negates any thought that its purpose was to attach finality to a finding of no probable cause, or to establish mutually exclusive procedures so that grand jury proceedings would be barred if an accused had been discharged upon preliminary hearing." *Kent*, 54 Ill. 2d at 163-64, 295 N.E.2d at 712.

The reasoning in *Kent* equally applies to the present fact situation. We hold that neither the constitutional provision nor the statutory provisions indicate a purpose to attach a finality to a finding of a no-true bill by the grand jury. The State proceeded with the information after the no-true bill and provided a preliminary hearing within the statutory 60-day period. The record does not indicate harassment, bad faith, or fundamental unfairness. The trial court's decision dismissing count I was erroneous.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.