**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2006[*]
Decided March 14, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2822

| | |
|---|---|
| JAMES E. SMITH,<br>  *Petitioner-Appellant,*<br><br>  *v.*<br><br>UNITED STATES OF AMERICA,<br>  *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 C 6413<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

James Smith was convicted of counterfeiting, 18 U.S.C. § 471, after a state arrest for retail theft led to the discovery of his home-based counterfeiting operation. We dismissed his direct appeal under *Anders v. California*, 386 U.S. 738 (1967), and Smith then filed a motion under 28 U.S.C. § 2255 arguing that his trial counsel was

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

ineffective for not moving to suppress the counterfeiting evidence on the ground that it was tainted by an unlawful arrest.  The district court denied relief, reasoning that Smith could not show prejudice because a motion to suppress would have failed.  We affirm.

Niles, Illinois, police officer Ronald Brandt arrested Smith after security guards at a Target store informed him that Smith was seen and videotaped taking goods off shelves and "returning" them for cash and store credit.  The security guards also informed Brandt that they observed Smith enter the store without the items he "returned."  While searching Smith incident to the arrest, Brandt discovered counterfeit currency and narcotics.  Brandt notified the Secret Service, and Smith confessed to an agent that he made the counterfeit currency at home.  Agents searched Smith's home with his consent and discovered a printer and additional fake bills.

Smith was charged in federal court with counterfeiting, as well as retail theft and narcotics possession in state court.  At a preliminary examination in state court, the judge concluded that a finding of probable cause could not be made as to the theft offense because while testifying at the hearing, Officer Brandt did not specify which of the two Target security guards observed Smith removing items from the shelves and which guard saw him returning those items.  Still, a state grand jury indicted Smith, although the trial judge ultimately granted a judgment of acquittal on the theft charge after excluding critical evidence for which the prosecution had not established a foundation.  Smith was later convicted on the federal counterfeiting charges.

During Smith's state court proceedings and at the evidentiary hearing on his § 2255 motion, Officer Brandt testified that he arrested Smith based on representations from the Target security guards that they observed Smith removing shelved items and "returning" those items for cash and store credit.  This information, said Brandt, gave him probable cause to arrest Smith for "fraudulent return."  *See* 720 Ill. Comp. Stat. 5/1-6A-3(f) (defining retail theft to include returning items not legally possessed for cash, credit, or other property).

Smith's trial counsel in the federal case, Gene Steingold, testified at the § 2255 evidentiary hearing that he considered moving to suppress the evidence obtained as a result of the arrest.  But, after speaking with Smith's state public defender and reviewing the police and Target store security reports, Steingold ultimately concluded that the effort would be unsuccessful because the arrest was supported by probable cause.

Smith argues, though, that the state-court acquittal demonstrates that a motion to suppress premised on a lack of probable cause for his arrest would have succeeded and, thus, his counsel was ineffective. We review the district court's rejection of that argument under the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires proof that an attorney's deficient performance prejudiced the defendant. *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005). In the context of a motion to suppress, the prejudice prong of *Strickland* requires that the defendant prove that the motion would have succeeded. *Owens v. United States*, 387 F.3d 607, 611 (7th Cir. 2004).

Eyewitness accounts almost always provide probable cause to arrest unless evidence suggests that the information or its source is not credible. *Pasiewicz v. Lake County Forest Pres. Dist.*, 270 F.3d 520, 524 (7th Cir. 2001). Here there was no indication that the information from the security guards should not be credited; they provided Officer Brandt with a videotape of Smith's wrongdoing, and Brandt himself was well acquainted with the guards (he testified during Smith's state court proceedings that he personally responds to 20 or 30 calls each year from Target). In the absence of a reason to doubt the security guards, Brandt had no duty to investigate further before arresting Smith. *See id.*; *Woods v. City of Chicago*, 234 F.3d 979, 997 (7th Cir. 2000). Moreover, although Smith argues otherwise, his acquittal on the theft charge is immaterial; information giving rise to probable cause for an arrest need not be sufficient to convict. *See Anderer v. Jones*, 385 F.3d 1043, 1050 n.9 (7th Cir. 2004), *amended on rhr'g*, 412 F.3d 794 (7th Cir. 2005); *Braun v. Baldwin*, 346 F.3d 761, 766 (7th Cir. 2003). Also unpersuasive is his argument that his attorney should have known to file the motion because a state court judge concluded at a preliminary examination, *see* 725 Ill. Comp. Stat. 5/109-3, that probable cause to let the theft case proceed was lacking. Not only did a state grand jury later conclude otherwise, *see* 725 Ill. Comp. Stat. 5/112-4(b); *People v. Mennenga*, 551 N.E.2d 1386, 1390-91 (Ill. App. Ct. 1990) (explaining that a finding of no probable cause at a preliminary hearing does not preclude indictment by grand jury), but our review focuses on whether Officer Brandt had probable cause to make an arrest, not on whether the prosecutor mustered sufficient evidence of the technical elements of the offense later in a courtroom, *see Spiegel v. Cortese*, 196 F.3d 717, 724 n.1 (7th Cir. 1999) (explaining that police officers are not required to establish probable cause as to every element of an offense before making an arrest); *Driebel v. City of Milwaukee*, 298 F.3d 622, 643 (7th Cir. 2002). Thus, Smith cannot show that he was prejudiced by his counsel's failure to file a motion to suppress the arrest.

Nor do we think that Smith's counsel was deficient for failing to file a frivolous motion to suppress. Counsel investigated the possibility of filing a suppression motion but decided not to challenge the evidence based on his reasoned conclusion that probable cause supported the predicate arrest. *See Brown v. Sternes*, 304 F.3d

677, 692 (7th Cir. 2002) (noting that it can be a reasonable exercise of judgment to terminate further investigation of a fruitless issue). Moreover, our own analysis here supports counsel's judgment that a motion to suppress would have failed. *See United States v. Jackson*, 103 F.3d 561, 575 (7th Cir. 1996) (noting that the Sixth Amendment does not require counsel to pursue a futile motion to suppress).

AFFIRMED.