# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. King*, 2012 IL App (2d) 100801

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES W. KING, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0801 |
| Filed | February 7, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the trial court summarily dismissed defendant's postconviction petition orally within 90 days after it was filed, on the ground that it was frivolous and patently without merit, and indicated that a written order would be entered, but the written order was filed after 90 days had passed, the date that the written order was filed constituted the date of dismissal pursuant to section 122-2.1(a)(2) of the Post-Conviction Hearing Act and Supreme Court Rule 272; therefore, the dismissal was reversed and the cause was remanded for second-stage postconviction proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 02-CF-342; the Hon. Gary V. Pumilia, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Alan D. Goldberg and Geoffrey Burkhart, both of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Edward R. Psenicka, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices Zenoff and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1 At issue in this appeal is whether defendant, Charles W. King, is entitled to have the summary dismissal of his postconviction petition reversed and the cause remanded for stage-two proceedings when the trial court orally dismissed his petition within 90 days after it was filed, indicating that a written order would be entered, but filed the written order after those 90 days had expired. We conclude that, when a trial court indicates that a written order dismissing a petition will be entered, the date that the written order is filed constitutes the date of the dismissal. Thus, we reverse the summary dismissal of defendant's petition and remand this cause for further proceedings.

¶ 2 Following a jury trial, defendant was convicted of two counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2002)) and two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2002)). The trial court sentenced defendant to consecutive terms of 20 years' imprisonment on the aggravated criminal sexual assault convictions, and defendant appealed. This court affirmed. *People v. King*, Nos. 2-03-1047, 2-04-0240 cons. (2005) (unpublished order under Supreme Court Rule 23). Thereafter, defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2006)). The trial court granted the State's motion to dismiss the petition, and defendant appealed. The appellate defender moved to withdraw, and this court granted the motion and affirmed the judgment. *People v. King*, No. 2-07-1056 (2009) (unpublished order under Supreme Court Rule 23).

¶ 3 On February 22, 2010, defendant filed a 252-page postconviction petition. On May 14, 2010, the trial court orally dismissed the petition, finding it frivolous and patently without merit. In doing so, the court stated:

"The petition is denied [*sic*] as of this date. I need to put my ruling into a written order, and I will do so, but the ruling is as of this date.

And the Clerk then will mail a copy of that order to the defendant, but it is dated

today, the 14th [of May]; [defendant's] filing was in February and this is within the 90-day period."

¶ 4    On June 10, 2010, the trial court filed its written order dismissing the petition. Defendant moved the trial court to reconsider, arguing that, because the written order dismissing the petition was not filed within 90 days after he filed the petition, the petition had to be advanced to stage two of postconviction proceedings. The trial court denied the motion, noting that the written order merely memorialized the court's judicial act of dismissing the petition on May 14, 2010. This appeal followed.

¶ 5    At issue in this appeal is whether defendant is entitled to have the summary dismissal of his postconviction petition reversed and the cause remanded for stage-two proceedings when the trial court orally dismissed the petition within 90 days, indicating at that time that a written order would be filed, but filed the written order after the 90 days had expired. Because resolution of this issue does not require us to defer to the trial court's reasoning, our review is *de novo. People v. McCreary*, 393 Ill. App. 3d 402, 406 (2009).

¶ 6    In addressing the issue raised, we begin by examining section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 2010)). Section 122-2.1(a)(2) provides, in relevant part:

"(a) Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

***

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." *Id.*

¶ 7    Courts that have construed section 122-2.1(a)(2) have determined that a trial court has 90 days from the filing and docketing of a postconviction petition to summarily dismiss it, and a trial court's failure to do so within the 90-day period requires the court to docket the petition for further proceedings under sections 122-4 through 122-6 of the Act (725 ILCS 5/122-4 through 122-6 (West 2010)). *People v. Porter*, 122 Ill. 2d 64, 85 (1988) (the time requirement contained in section 122-2.1(a)(2) is mandatory); *People v. Volkmar*, 363 Ill. App. 3d 668, 670 (2006) ("The Act states, 'If the petition is not dismissed pursuant to this Section, the court *shall* order the petition to be docketed for further consideration ***.' " (Emphasis in original.) (quoting 725 ILCS 5/122-2.1(b) (West 2004))). Although, if the trial court decides that a petition should be summarily dismissed, the court must do so within 90 days after the petition is filed, our supreme court has determined that such a ruling need not be in writing. *Porter*, 122 Ill. 2d at 85 ("It is not mandatory, however, that the order dismissing the petition be written ***."). Rather, a trial court may orally dismiss a petition if it finds that the petition is frivolous or patently without merit. See *id.*

¶ 8    Here, defendant filed his petition on February 22, 2010. Thus, the trial court had until May 22, 2010, which was 90 days later, to review the petition and dismiss it if it found that the petition was frivolous or patently without merit. The trial court orally dismissed the

-3-

petition within those 90 days, but it entered a written order dismissing the petition on June 10, 2010, which was 109 days after the petition was filed. The issue before this court is whether the trial court's oral or written dismissal constitutes the actual date of dismissal for purposes of determining whether there was compliance with section 122-2.1(a)(2).

¶ 9    In resolving this issue, we find instructive Illinois Supreme Court Rule 272 (eff. Nov. 1, 1990), as it resolves which order takes precedence when a trial court orally rules, indicating that a written order will be entered later, and subsequently enters a written order. Specifically, Rule 272 provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." *Id.*

¶ 10    Even though Rule 272 is a rule generally applicable in civil cases, it has been applied in criminal appeals. See, *e.g.*, *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 7; *People v. Mennenga*, 195 Ill. App. 3d 204, 206-07 (1990); *People v. Boston*, 27 Ill. App. 3d 246, 248 (1975). When this court recently applied Rule 272 in a criminal case, we observed that "[t]he effective date of a final judgment is the date on which the court's action is publicly expressed, in words and at the situs of the proceeding." *Hansen*, 2011 IL App (2d) 081226, ¶ 7. A judgment is considered "publicly expressed" at the "situs of the proceeding" when it is filed with the clerk of the circuit court. *Id.*

¶ 11    Given that interpretation, we conclude, in line with Rule 272, that the June 10, 2010, written order was the dismissal for purposes of section 122-2.1(a)(2), as that order was filed with the clerk of the circuit court. In reaching this conclusion, we are aware of the fact that, as the State argues, a written order was not "required" here. However, even though a written order was not "required," the court took it upon itself to file a written order. Because the court indicated that a written order would be filed, the date the written order was filed controls. Compare *Mennenga*, 195 Ill. App. 3d at 205-06, 209 (when trial court orally dismissed a count and later filed a written order, the date that the count was orally dismissed was the date of final judgment, because the court never expressed that a written order would be filed), with *Boston*, 27 Ill. App. 3d at 247-48 (when court orally dismissed charges brought against the defendants and indicated at that time that a written order would be filed, the date that the written order was filed was the date of the final judgment, because "[t]he mere announcement of an order in court does not constitute the entry of that order").

¶ 12    Moreover, we observe that, at first blush, it may appear as if we are ignoring our supreme court's directive that a summary dismissal may be oral. We are not. The court in *Porter* merely indicated that a summary dismissal *may* be oral. Nothing in *Porter* prohibits a trial court from orally dismissing a petition and then filing a written order consistent with that oral dismissal. However, when the trial court indicates that a written order is going to be entered, the written order must be filed within 90 days after the defendant filed the petition. If not,

then, as here, the dismissal must be reversed and the cause remanded for stage-two proceedings. The fact that the trial court indicated that the date it orally dismissed the petition would be the dismissal date for purposes of section 122-2.1(a)(2) does not alter this result, as the trial court's belief was incorrect as a matter of law.

¶ 13 Finally, we note that a contrary ruling would pose certain practical problems. Allowing an *ex parte* oral dismissal to control in the situation that exists here could threaten a defendant's right to appeal. Quite simply, if the oral order controlled, the 30 days a defendant has to appeal, as set forth in Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009), would begin to run at that time. However, until the order is memorialized and the clerk actually mails a copy of that written order to the defendant, the defendant would not know that this period had commenced. Moreover, a defendant's time to appeal from a "back dated" written order could have expired by the time the order is filed with the clerk and a copy sent to the defendant.

¶ 14 For these reasons, the judgment of the circuit court of Winnebago County is reversed, and this cause is remanded for second-stage postconviction proceedings.

¶ 15 Reversed and remanded.