2022 IL App (1st) 171963-U

FIRST DISTRICT,
FIRST DIVISION
June 21, 2022

No. 1-17-1963

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 14 C 440272 & 15 CR 2081 |
| | ) | |
| TYRONE ROBISON, | ) | Honorable |
| | ) | Geary W. Kull, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Hyman and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the trial court's summary dismissal of defendant's postconviction petition where the trial court properly dismissed all claims in the petition.

¶ 2     Defendant Tyrone Robison appeals from the summary dismissal of his *pro se* petition for postconviction relief filed under the Post-Conviction Hearing Act (Act), (725 ILCS 5/122-1 *et seq*. (West 2016)). On appeal, defendant argues that the trial court erred when it summarily dismissed his petition without addressing one of his claims, and the cause must be remanded for further proceedings under the Act. For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4          Defendant was charged with the July 6, 2012, burglary of a warehouse and theft of landscaping equipment belonging to Lamon Ford in case No. 14 C 440272. Following his arraignment, defendant was released on bond.

¶ 5          While released on bond in case No. 14 C 440272, defendant was charged by indictment with the March 2012 burglary, theft, and criminal damage to property belonging to Luster Robinson in case No. 15 CR 2081. At a pretrial status hearing, the trial court indicated that defendant "was supposed to be evaluated for drug court." Defendant was subsequently rejected from admission to the specialized drug court and proceeded to a bench trial on the State's elected case No. 14 C 440272.

¶ 6          The evidence at trial established that Lamon Ford's landscaping warehouse was broken into sometime between the evening of July 5, 2012, and evening of July 6, 2012. A window was broken, and two weed trimmers and an edger were taken from the building. Around 3:00 on July 6th, Bellwood Police Officer Brandon Gale saw the lawn tools leaning against Ford's warehouse and noticed defendant approximately 15 feet from the building. Between 3:30 p.m. and 3:45 p.m., Kareem Dennis and Bellwood Police Sergeant John Travarthen saw defendant walking down the nearby "prairie path" with the tools. Dennis watched defendant throw the tools into a bush when a police car drove by, and then retrieve them when the car had passed. Trevarthen eventually arrested defendant and noticed blood on his clothing. Blood was found on the broken windowpane and a piece of cardboard near the window of the warehouse. DNA analysis showed defendant's DNA matched the blood found on the cardboard.

¶ 7          The trial court found defendant guilty of burglary, but not guilty of theft because the value of the tools did not exceed $500. Defendant was sentenced to 8 years' imprisonment. Defendant thereafter pled guilty to burglary in case No. 15 CR 2081 and was sentenced to a concurrent term

of 8 years' imprisonment. No direct appeal was filed.

¶ 8    On April 19, 2017, defendant filed the instant *pro se* postconviction petition alleging that his trial counsel was ineffective in numerous ways, including for: (1) failing to argue that his case should be transferred to a specialized drug treatment court and (2) failing to tell him that his DNA matched the blood recovered at the scene, causing him to reject a plea deal and proceed to trial.

¶ 9    The trial court orally dismissed the petition on June 23, 2017, indicating that it had reviewed petitioner's postconviction petition "extensively." The court further indicated as follows:

"And I have also an independent recollection of the case in and of itself, and it is true that Mr. Robison was bandied back and forth between what we call a specialty court, that being the drug court and this court because it was always certainly an intention of this court to have him able to take advantage of that drug unit.

However, the drug unit in and of itself screens individuals to determine whether or not they are acceptable to that drug court program.

Because Mr. Robison's case, if found guilty, if pled guilty to the Class 2 felony made him a Class X offender, nonprobationable offender, my understanding – I know that's the case – but that's the reason the drug court continued to not accept Mr. Robison, at least on one occasion.

Maybe there was [*sic*] two occasions that we tried to send him back; yet again, the State was unwilling as they are allowed to be to reduce the matter to a matter wherein Mr. Robison could receive some sort of drug treatment which he probably needed because of his lifelong history of drug addiction.

However, none of that was within the purview of the court or his lawyer, Mr. Carroll, whom in his petition he alleges was ineffective.

Mr. Carroll had absolutely no control over the prosecution's intention to continue to charge Mr. Robison with the burglary, and as such, Mr. Carroll had little or no choice, as did Mr. Robison, not to go to trial or to plead to the Class 2 burglary but because of his background would have made him a Class X felon.

Mr. Carroll and Mr. Robison determined they would go to trial. They took a bench trial. Mr. Carroll vigorously defended Mr. Robison and did not miss – the petition itself doesn't talk about any specific issues or reasons that he felt that Mr. Carroll was ineffective. In watching Mr. Carroll, he was not ineffective.

But most importantly, I'm dismissing Mr. Robison's petition as it is patently frivolous and without merit based on my observations and knowledge of the record."

¶ 10                                    ANALYSIS

¶ 11    On appeal, defendant contends that the trial court erred in summarily dismissing his postconviction petition without specifically addressing his claim that counsel never told him that his DNA matched blood recovered at the crime scene. According to defendant, since the trial court failed to address this claim within the 90-day period for initial review as required by the Post-Conviction Hearing Act (725 ILCS 5/122-2.1 (West 2016)), the court's oral dismissal of his petition is void.

¶ 12    The Act creates a three-stage method by which imprisoned persons may collaterally challenge their convictions for violations of federal or state constitutional rights. 725 ILCS 5/122-1, *et seq*. (West 2016); *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). Defendant's petition was dismissed at the first stage, where the trial court must independently review the petition, taking the allegations as true, and determine whether "the petition is frivolous or patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A petition is frivolous or patently without merit if it has no arguable basis in either law or fact and, instead, is

based on a meritless legal theory or fanciful factual allegations. *People v. Hodges*, 234 Ill. 2d 1, 11-13, 16 (2009). "Meritless legal theories include ones completely contradicted by the record, while fanciful factual allegations may be 'fantastic or delusional.' " *People v. Allen*, 2015 IL 113135, ¶ 25 (citing *Hodges*, 234 Ill. 2d at 17). If the petition is frivolous or patently without merit, the trial court must dismiss it. 725 ILCS 5/122-2.1(a)(2). Otherwise, the proceedings move to the second stage. *People v. Harris*, 224 Ill. 2d 115, 126 (2007). A trial court's summary dismissal of a postconviction petition is reviewed *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 13        Under section 122-2.1 of the Act, the trial court is required to review a petition within 90 days of its filing to determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1. If the court so finds, "it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2). Defendant argues that the trial court's failure to specifically address his claim that trial counsel did not tell him his DNA was recovered at the crime scene constituted a partial summary dismissal of his petition, which is not permitted under *People v. Rivera*, 198 Ill. 2d 364 (2001). He requests that the cause be remanded for second-stage proceedings.

¶ 14        The State agrees that under *Rivera*, it is well-settled that a partial summary dismissal of a postconviction petition is prohibited. However, *Rivera* was not violated in this case because the trial court found that defendant's entire petition was "patently frivolous and without merit." Therefore, even though the trial court did not specifically address defendant's DNA claim in its oral dismissal, the court "impliedly" ruled on this claim based on the substance of its ruling.

¶ 15        In *Rivera*, the trial court partially dismissed some claims as frivolous and patently without merit and advanced other claims to the second stage of postconviction proceedings. *Rivera*, 198 Ill. 2d at 366. The appellate court reversed, "holding that 'a defendant's postconviction petition must survive as a whole or be dismissed as a whole.' " *Id.* at 365. Our supreme court agreed that

"summary partial dismissals made during the first stage of a post-conviction proceeding are not permitted under the Act." *Id.* at 374. In this case, unlike in *Rivera*, the trial court dismissed defendant's *entire* petition after finding "it is patently frivolous and without merit based on [its] observations and knowledge of the record."

¶ 16 With respect to whether the trial court intended to dismiss the entire petition, *People v. Lee*, 344 Ill. App. 3d 851 (2003), is instructive. In *Lee*, the defendant argued that because the trial court gave no reason for dismissing one of his postconviction claims, its order must be construed as a partial dismissal under *Rivera*. *Id.* at 854-55. In determining that the trial court in *Lee* intended to dismiss the entire petition, this court noted that "the trial court did not appoint an attorney to assist Lee with any of his claims, and the court did not advance any of his claims to the second stage of postconviction proceedings." *Id.* Similarly, the trial court here did not appoint an attorney to represent defendant with any of his claims or advance any of his claims to the second stage. Under these facts, we find the trial court intended to dismiss the entire petition.

¶ 17 Defendant also argues that section 122-2.1(a)(2) provides that the trial court shall specify "in a written order" the factual findings and legal conclusions it made in reaching its decision. Defendant interprets this section as requiring the trial court to explicitly address each individual claim in a postconviction petition.

¶ 18 In *People v. Porter*, 122 Ill. 2d 64, 82 (1988), the defendant argued that the written order requirements of section 122-2.1(a)(2) were mandatory. Observing that the statute had such requirements to "facilitate appellate review of the court's dismissal," our supreme court stated that an interpretation of that section as mandating the entry of a written order and its contents "would violate the doctrine of separation of powers." *Id.* at 82-83. Under *Porter*, it is not mandatory "that the order dismissing the petition be written, or that it specify findings of fact and conclusions of law." *Id.* at 84; see also *People v. Leason*, 352 Ill. App. 3d 450, 452 (2004) (although it is advisable

for a trial court to state its reasons for dismissing a postconviction petition, it is not mandatory); *People v. Ross*, 339 Ill. App. 3d 580, 584 (2003) (if the trial court does not specify its findings in a written order, the defendant suffers no prejudice because the dismissal will be reviewed on appeal). A trial court "may orally dismiss a petition if it finds that the petition is frivolous or patently without merit." *People v. King*, 2012 IL App (2d) 100801, ¶ 7.

¶ 19    Given that a trial court is not required to specify its findings in a written order dismissing a postconviction petition (*Porter*, 122 Ill. 2d at 82-83), the trial court's failure to do so in this case (and/or expressly address defendant's DNA claim) does not warrant remanding for second stage postconviction proceedings. As noted above, a defendant does not suffer prejudice from the lack of specific trial court findings because the trial court's decision is subject to *de novo* review on appeal. See *Ross*, 339 Ill. App. 3d at 584. Here, defendant was free to argue the merits of his second ineffective assistance of counsel claim but chose not to do so.[1]

¶ 20                                  CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the trial court dismissing defendant's *pro se* postconviction petition.

¶ 22    Affirmed.

---

[1]Because defendant does not advance this argument on appeal, we will not address it. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (points not argued in the appellants brief are forfeited).